731 F.2d 167
 UNITED STATES of America
v.
Walter M. HIGGS, et al.
Appeal of Antoinette MERIDA in No. 84-3148.
Appeal of Audrey TAYLOR in No. 84-3154.
Appeal of John KEMP in No. 84-3155.
 Nos. 84-3148, 84-3154 and 84-3155.
 United States Court of Appeals,
Third Circuit.
 Submitted March 26, 1984.
Decided April 5, 1984.
 
 George E. Schumacher, Federal Public Defender, Thomas S. White, Asst. Federal Public Defender, Pittsburgh, Pa., for Antoinette Merida.
 William C. Kaczynski, Pittsburgh, Pa., for John D. Kemp.
 J. Kerrington Lewis, Lewis & Stockey, Pittsburgh, Pa., for Audrey Taylor.
 J. Alan Johnson, U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., Pittsburgh, Pa., for the U.S.
 Before GIBBONS, HUNTER and GARTH, Circuit Judges.
 OPINION ON MOTIONS FOR BAIL
 GIBBONS, Circuit Judge.
 
 
 1
 On March 5, 1984, Antoinette Merida, Audrey Taylor, and John Kemp were convicted by a jury of conspiracy to possess and distribute heroin and of using the telephone to facilitate drug offenses. The indictment on which they were tried charged use and distribution of narcotics between November 1981 and April 1982. Following their arrest, each was released on bail pursuant to 18 U.S.C. Sec. 3146 (1982). During the pendency of pre-trial proceedings, each defendant attended all scheduled hearings requiring attendance. Each appeared at trial.
 
 
 2
 Upon the return of the verdict the trial court sua sponte revoked their bail. No pre-sentence investigation was conducted. The United States made no motion for modification of the conditions of release. The district court's ruling was, with respect to each appellant, cryptic. As to Merida the court ruled:
 
 
 3
 Miss Merida, I find that you are dealing in drugs. I consider that a danger to the community, and I hereby revoke your bond.
 
 
 4
 * * *
 
 
 5
 * * *
 
 
 6
 You may take her away.
 
 As to Audrey Taylor, the court ruled:
 
 7
 Miss Taylor, based upon the evidence in this case, I find that you are a user and dealer in drugs, and as such I find you to be a danger to the community, and I revoke your bond at this time. You may take her away.
 
 As to John Kemp, the court ruled:
 
 8
 Mr. Kemp, I find from the evidence in this case that you are a user and dealer in drugs and thereby are a danger to the community, and I revoke your bond at this time.
 
 
 9
 Kemp's counsel pointed out that he required insulin for a diabetic condition. The court responded:
 
 
 10
 Well, we'll see to it that the Marshals bring that to the attention of the authorities at the place of incarceration, and proper medical treatment will be provided for you.
 
 
 11
 You may take him away.
 
 
 12
 Counsel for each defendant objected that the events of which their clients had been convicted occurred two years earlier. No opportunity was afforded to present to the court information as to their present activities.
 
 
 13
 Thereafter each defendant filed a notice of appeal and moved with supporting affidavits before this court for a stay of the order revoking bail. We have appellate jurisdiction. 18 U.S.C. Sec. 3147 (1982); Fed.R.App.P. 9(a). See Stack v. Boyle, 342 U.S. 1, 6-7, 72 S.Ct. 1, 4-5, 96 L.Ed. 1 (1951). This court stayed the orders revoking bail and listed the merits of the appeal for immediate disposition. Subsequently we received from the government an affidavit in opposition to a stay, pertaining only to the defendant Kemp.[1] We now address the merits of the appeal.
 
 
 14
 The governing standard is in 18 U.S.C. Sec. 3148 (1982), which provides in relevant part:
 
 
 15
 A person ... who has been convicted of an offense and is ... awaiting sentence ... shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community.
 
 
 16
 The cross reference to section 3146 is to conditions of release prior to trial. Thus, section 3148 requires that pre-trial conditions of release be continued while defendants are awaiting sentence unless one of the negative conditions specified in section 3148 is established.[2] Moreover, our review of section 3148 rulings is plenary. United States v. Provenzano, 605 F.2d 85, 92 (3d Cir.1979).
 
 
 17
 The record in this instance does not support the revocation of bail. The events of which the defendants were convicted occurred more than two years ago. There was no inquiry into, and therefore no finding respecting, the defendants' contemporary activities. The court did not find, and nothing suggests, a likelihood of flight. The court did not find, and nothing suggests, that any defendant poses a danger to any other person. The conclusion that each is a present danger to the community rests solely upon the evidence that two years ago each conspired to distribute and possess heroin. No finding was made as to how that evidence requires a conclusion of continuing activity. The conclusory statements quoted above suggest a belief that there is a presumption, from conviction, of continuing criminal activity. Such a presumption is inconsistent with the language and purpose of section 3148. Of course, the court may rely on evidence adduced at trial, or admissions made during a plea colloquy, to support findings which may support more stringent conditions of release, or revocation of bail. Here, however, the court made no reference to such evidence before concluding that bail should be revoked. Moreover, the statutory right to bail following a verdict necessarily implies that defendants be given a meaningful opportunity to respond to the suggestion that their ongoing criminal activities are likely to pose a threat to the community. The court's summary action here afforded no such opportunity. Had the district court provided an opportunity in this case to the defendants to meet their burden under Fed.R.Crim.P. 46(c), either by the submission of affidavits or by any other means, it might well have obviated the need for immediate appeal. For example, the affidavits submitted to this court by appellants Merida and Taylor after the district court's order might well have satisfied that court. By the same token, the government's affidavit which was dated March 23, 1984, almost three weeks after the court's March 5, 1984 order revoking bail, might have justified the order of the district court as to Kemp, if he did not respond to it. The difficulty with the court's summary action, however, was, as we have pointed out, that it gave neither the defendants nor the government an opportunity to produce that information which is essential for the district court's finding, and which is required for our review. See Fed.R.App.P. 9(a), requiring a statement by the district court of the reasons for the action taken.
 
 
 18
 We do not suggest that the revocation of bail following conviction and prior to sentence is inappropriate, for section 3148 clearly provides otherwise. If the government moves for such revocation, however, its motion will permit a response from defendants, and a record can be made. If the trial court intends to act sua sponte it must give some appropriate notice of that intention, giving the reasons for that intention, and affording an opportunity for defendants to meet the burden imposed by Fed.R.Crim.P. 46(c).
 
 
 19
 The orders revoking bail will be reversed.
 
 
 
 [1]
 Because our disposition of the appeal renders the stay question moot, we do not address the merits of that affidavit as a reason for revoking bail. We note that the information therein contained can on an appropriate motion be brought to the attention of the district court. Nothing in this opinion should be taken as precluding such an application
 
 
 [2]
 Fed.R.App.P. 9(a) governs appeals from orders respecting release entered prior to judgment of conviction. The criteria for release are provided in Fed.R.App.P 9(c), which states:
 The decision as to release pending appeal shall be made in accordance with Title 18, U.S.C. Sec. 3148. The burden of establishing that the defendant will not flee or pose a danger to any other person or the community rests with the defendant.
 See also Fed.R.Crim.P. 46(c), which provides:
 Eligibility for release pending sentence or pending notice of appeal or expiration of the time allowed for filing notice of appeal, shall be in accordance with 18 U.S.C. Sec. 3148. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.