**Steven Michael MARKS, Petitioner,**

v.

**Donald D. ZELINSKI, Superintendent, Youth Correction Center, and Irwin I. Kimmelman, Attorney General of New Jersey, Respondents.**

**Civ. A. No. 85–0077.**

United States District Court, D. New Jersey.

March 27, 1985.

Steven Michael Marks, petitioner pro se.

New Jersey Atty. Gen. Irwin I. Kimmelman by Nancy Falivena, Deputy Atty. Gen., Trenton, N.J., for respondents.

## OPINION

GERRY, District Judge.

This is a petition for a writ of habeas corpus, in which the petitioner challenges the constitutionality of the denial of his application for bail pending appeal. The petitioner, following a jury trial in the Superior Court of New Jersey, Camden County, was convicted on May 11, 1984, of conspiracy, second degree robbery, aggravated assault, criminal restraint and attempted murder by solicitation. He was acquitted on three other counts. On June 8, 1984, the petitioner was sentenced to 21 years, seven without parole. At the time of sentencing, petitioner moved for an order granting bail pending appeal. This motion was denied. On October 23, 1984, petitioner moved for the same relief before the New Jersey Superior Court, Appellate Division, and his motion was denied on November 4, 1984. The same relief was also denied by the New Jersey Supreme Court on December 19, 1984.

The instant petition for a writ of habeas corpus was filed on January 7, 1985. The sole relief sought is bail pending disposition of his appeal. Mr. Marks alleges that the denial of bail was unconstitutional in that the failure to provide specific reasons for the denial was arbitrary and unreasonable and therefore in violation of his right to due process of law.

In this court's letter opinion of February 7, 1985, denying Mr. Marks' motion for leave to appear for oral argument, the court observed that Mr. Marks seemed to have exhausted his state remedies as to the bail question. Nevertheless, we declined to rule on that issue since the respondents had not yet answered the petitioner. The respondents have now filed an answer and have not suggested that petitioner has failed to exhaust state remedies. Hearing nothing to the contrary from the Government, and noting that the petitioner moved for bail pending appeal before the Law Division, the Appellate Division and the Supreme Court of New Jersey, the court concludes that petitioner has exhausted state remedies as to the bail issue. Accord-

ingly, we will proceed to decide the merits of Mr. Marks' petition.

■ At the outset, it is important to recall that "there is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts." *Finetti v. Harris*, 609 F.2d 594, 597 (2d Cir. 1979). However, "once a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably." *Id.* at 599. New Jersey has made such provisions for bail pending appeal. Rule 2:9–4 states in pertinent part as follows:

> Except as otherwise provided by R. 2:9–5(a), the defendant in criminal actions shall be admitted to bail on motion and notice to the county prosecutor pending the prosecution of an appeal or proceedings for certification only if it appears that the case involves a substantial question which should be determined by the appellate court and that the safety of any person or of the community will not be seriously threatened if the defendant remains at large. Pending appeal to the Appellate Division, bail may be allowed by the trial judge, or if denied by him, by the Appellate Division, or if denied by the Appellate Division, by the Supreme Court.... A trial judge denying bail shall state briefly his reasons therefor.

Thus, the question now confronting this court is whether, given the New Jersey rule providing for bail pending appeal, the denial of bail in the instant case was unconstitutional.

■ In deciding the foregoing question, the court need not and indeed may not review the trial judge's determination to see whether it met the criteria set forth in Rule 2:9–4 itself. Federal district courts "do not ... sit as appellate courts to review the use or abuse of discretion of the state courts ... in granting or withholding bail pending final appeal." *Bloss v. People of State of Michigan*, 421 F.2d 903, 906 (6th Cir.1970). Furthermore, a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900,

79 L.Ed.2d 67 (1984). Whether or not the denial of bail by the trial court and subsequently by the appellate courts conformed to the *state law* requirements of Rule 2:9–4, the question before this court is merely whether the failure of the state courts to provide more specific reasons for the denial of bail violated the requirements of the federal constitution. For the reasons set forth below, we hold that it did not.

The parties have not cited and the court is not aware of any Third Circuit cases addressing the question presently before us. However, at least two courts of appeals—the Second Circuit and the Seventh Circuit—have expressly discussed the constitutional requirements surrounding the denial of bail pending appeal. Dealing specifically with the issue of whether a state court must provide reasons for its denial of bail, both the Second Circuit and the Seventh Circuit have concluded that "considerations of federal-state comity require that federal courts, when examining state courts' denial of bail pending appeal, must presume regularity on the part of the state courts, and that denial of bail without a statement of reasons is not arbitrary per se." *Finetti*, 609 F.2d at 599. That is, the mere failure of a court to articulate the reasons for its denial does not create a "presumption of arbitrariness." *United States ex rel. Walker v. Twomey*, 484 F.2d 874, 875 (7th Cir.1973). Instead, it is the defendant's burden to demonstrate that there is *no rational basis* in the record for the denial of bail. *Finetti*, 609 F.2d at 601.

■ Although a federal court in a habeas case *may* consider several factors to determine whether the denial of bail pending appeal was arbitrary, it has been held that "[t]he seriousness of the crime and the lengthy sentence alone are sufficient to provide a rational basis for denial." *United States ex rel. Sampson v. Brewer*, 593 F.2d 798, 799 (7th Cir.1979), *cert. denied*, 444 U.S. 877, 100 S.Ct. 162, 62 L.Ed.2d 106 (1979); *United States ex rel. Smith v. Twomey*, 486 F.2d 736 (7th Cir.1973), *cert. denied*, 416 U.S. 994, 94 S.Ct. 2408, 40 L.Ed.2d 773 (1974). Applying this standard to the case at bar, the court finds that an adequate basis existed in the record for the

denial of bail. First, the petitioner was convicted of serious crimes: conspiracy, robbery, aggravated assault, criminal restraint and attempted murder. At the time of sentencing, the trial judge referred to these offenses as "heinous crimes." (5T 21–12.) He concluded that "[t]here isn't any doubt in the Court's mind that this criminal episode was committed in an especially heinous, cruel, and as a matter of fact, depraved manner." (5T 24–6 to 24–10.) Furthermore, the judge noted that Mr. Marks was the "grand architect" in that he "masterminded" the whole scheme. (5T 24–17 and 24–18.) Second, the court believes that the length of petitioner's sentence—21 years, seven without parole—is sufficient to support a finding that the denial of bail was rational.

 Though not essential to its determination, there are also two additional factors which lead this court to find that Mr. Marks' petition must be denied. Initially, it is significant that although the Appellate Division and the Supreme Court denied his application for bail without providing any reasons at all, the trial court *did* place on the record a brief summary of its reasons. After hearing both the prosecutor and the defense counsel on the bail question, the trial judge denied Mr. Marks' request because he did "not conceive of any area where there is a substantial issue for appeal as a matter of law" (5T 44–17 to 44–19), and "because of the nature of the crimes committed, keeping in mind ... this was just short of first degree murder...." (5T 45–2 to 45–5.) The fact that the trial judge actually took these factors into consideration when ruling on the bail motion makes it easier for this court to state that the decision rested on a rational basis, and that it was not arbitrary or unreasonable. In addition, the comments made by the trial judge at the time of sentencing shed more light on his bail ruling. The judge stated that it "is the opinion of this Court that there is a risk that the defendant would commit another crime...." (5T 25–15 to 25–18.) He went on to say that "[t]he testimony in this case is replete with instances of what I would call moral depravity on the part of Mr. Marks." (5T 25–18 to

25–21.) Although these statements were made in the sentencing context, it is against the background of such comments that the reasonableness of the bail denial must be evaluated. The trial judge was in the best position to observe the defendant and to make a determination of whether the particular circumstances of the case rendered bail pending appeal appropriate. This court cannot lightly disturb the trial judge's determination, as it has long been recognized that the trial court is "the superior tribunal for the kind of information-gathering which a sound foundation for a bail ruling almost inevitably requires." *United States v. Stanley*, 469 F.2d 576, 581–82 (D.C.Cir.1972). In view of the severity of the offenses, the length of sentence imposed, and the perceived possibility that the petitioner would commit another crime, this court finds that there existed a rational basis in the record to support the state courts' denial of Mr. Marks' motion for bail pending appeal. Consequently, the court rejects Mr. Marks' assertion that the denial was so arbitrary and unreasonable as to violate his right to due process. The petition for a writ of habeas corpus in the instant action is denied. The court will enter the accompanying order.