James **KING**

v.

**Charles ZIMMERMAN, Superintendent, State Institution Graterford, Leroy Zimmerman, Ronald D. Castille.**

**Civ. A. No. 85–5160.**

United States District Court, E.D. Pennsylvania.

March 10, 1986.

---

Anna M. Durbin, Philadelphia, Pa., for petitioner.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia County, Philadelphia, Pa., for respondents.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

The court granted petitioner leave to proceed *in forma pauperis* on his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §§ 2241 and 2254 on September 5, 1985. The court granted petitioner's motion for appointment of counsel on February 13, 1986, and final argument on the merits of the petition was held March 7, 1986. The court grants petitioner's writ of *habeas corpus* for the reasons which follow.

Petitioner claims that he is being held without bail pending direct appeal to the Superior Court of Pennsylvania of his convictions for theft and related offenses in

violation of the procedural due process guarantee of the Fourteenth Amendment. Petitioner was found guilty of theft and related offenses after a bench trial before Judge Levan Gordon of the Philadelphia Court of Common Pleas on October 27, 1982. After finding petitioner guilty, Judge Gordon allowed petitioner to remain free on the $3,000 O.R. bail that was set prior to trial.

Before the day of the hearing on petitioner's post-verdict motions, he had been arrested on an unrelated charge and incarcerated because he was unable to post bail. On June 4, 1984, petitioner entered a plea of guilty to the unrelated charge of theft by deception and was sentenced to a term of imprisonment of two to seven years with credit for time served. The minimum date for parole on this unrelated charge was December 9, 1984.

On November 5, 1984, Judge Gordon denied petitioner's postverdict motions in the criminal case underlying this petition and sentenced petitioner to a total of four and one-half to nine years' imprisonment to run consecutive to the sentence imposed in the unrelated case. At the sentencing of petitioner, Judge Gordon neither revoked nor increased petitioner's bail, nor was there any discussion of such. On November 23, 1984, petitioner filed a notice of appeal with the Superior Court of Pennsylvania. That direct appeal of the conviction is still pending.

On or about December 9, 1984, petitioner was paroled on the unrelated conviction but he was retained in custody on Judge Gordon's sentence for theft and related offenses even though an appeal on that conviction was pending and the bail previously set had never been revoked.

On or about March 19, 1985, petitioner filed a *pro se* "Application for Release on Bail that is Still Valid" with the Superior Court of Pennsylvania. The Superior Court denied the application in a *per curiam* ruling on April 11, 1985, without stating any reasons.

On April 19, 1985, petitioner filed a *pro se* petition for a writ of *habeas corpus* in this court (Civil Action No. 85–2211); the petition presented petitioner's claim that he was entitled to be free on bail pending his direct appeal. On July 29, 1985, this court approved the Administrative Magistrate's Report and Recommendation denying the petition and dismissing it without prejudice for failure to exhaust state remedies.

On July 8, 1985, petitioner filed a petition for a writ of *habeas corpus* with the Supreme Court of Pennsylvania to obtain his release on bail.

On July 19, and July 22, 1985, petitioner's attorney in the criminal case underlying this petition informally contacted Judge Gordon and requested that petitioner be released on bail pending his appeal or, in the alternative, that a hearing be held to determine why petitioner had not been released on bail pursuant to Pa.R.Crim.P. 4011. Instead, Judge Gordon revoked petitioner's bail on July 23, 1985 without holding a hearing or stating any reasons. On July 30, 1985, petitioner's attorney in his criminal case filed a "Petition for Reconsideration of Revocation of Bail" with Judge Gordon. On August 7, 1985, Judge Gordon denied this petition, again without holding a hearing or stating any reasons for his decision.

On August 6, 1985, petitioner had filed various additional motions in his petition for a writ of *habeas corpus* filed with the Supreme Court of Pennsylvania. Petitioner's counsel in his criminal case also filed an application for release on bail pending appeal with the Superior Court of Pennsylvania on August 21, 1985. The Superior Court denied this application on September 11, 1985, in a *per curiam* ruling which again stated no reasons.

Petitioner filed another petition before this court on September 5, 1985; this court dismissed said petition without prejudice for failure to exhaust state remedies on October 23, 1985. On December 5, 1985, petitioner moved for reconsideration of this court's Order of October 23, 1985. In his motion, petitioner informed the court that on November 26, 1985, the Supreme Court

of Pennsylvania denied his petition for a writ of *habeas corpus* filed July 8, 1985, and the motions that had been filed in that action on August 6, 1985. The Supreme Court of Pennsylvania did not state any reasons. Petitioner alleges and respondents do not deny that the federal constitutional issues raised in the petition before this court were presented to the Supreme Court of Pennsylvania in the action disposed of by that court on November 26, 1985.

■ The court is satisfied that petitioner has fairly presented his federal claim to the state courts and that he has exhausted available state remedies for purposes of 28 U.S.C. § 2254(b).

On December 31, 1985, this court granted petitioner's motion for reconsideration, and on January 13, 1986, the court vacated its prior dismissal of this action. The court added the Attorney General of the Commonwealth of Pennsylvania and the District Attorney for the County of Philadelphia as respondents, and ordered respondents to move, answer or otherwise plead to the petition by January 24, 1986. On January 23, 1986, respondents moved for an extension; the court extended the deadline to February 3, 1986. On February 3, 1986, respondent District Attorney of the County of Philadelphia filed a Response to the petition, apparently on behalf of all respondents. The court appointed counsel for petitioner on February 13, 1986.

Petitioner's appointed counsel moved for a writ of *habeas corpus ad testificandum* because respondents' response had put the merits of petitioner's release on bail into contention. Respondents contested the motion but alternatively requested a 14-day continuance to permit preparation of evidence on the merits of petitioner's release. Because the court found that the merits of petitioner's release on bail should be determined by hearing in state court on due notice and were not properly before the

*habeas* court, the court did not grant petitioner's request to testify nor any continuance. Therefore, final argument was held on March 7, 1986.

Petitioner challenges the denial of his release on bail on two grounds:

1. Petitioner alleges that Judge Gordon's revocation of bail on July 23, 1985 without any statement of reasons violates Pa.R.Crim.P. 4010(c), which provides in part that "whenever bail is revoked ... the judge shall state on the record the reasons for this decision."

2. Petitioner contends that Judge Gordon was without authority on July 23, 1985 to revoke petitioner's bail without a motion of which petitioner had notice, without a hearing, and after a timely appeal had removed the case to the Superior Court.[1]

Respondents contend in their response that:

1. Release on bail when the sentence imposed includes imprisonment of two years or more rests with the discretion of the Judge. Pa.R.Crim.P. 4010(b).

2. Bail is not automatically continued when sentence is imposed. Pa.R.Crim.P. 4011.

3. No bail issue was before Judge Gordon when petitioner was sentenced because petitioner was then incarcerated on an unrelated charge. Pa.R.Crim.P. 1406(c).

4. Judge Gordon had jurisdiction to revoke bail while the criminal case was on direct appeal. Pa.R.App.P. 1701, 1762(b); Pa.R.Crim.P. 4010(d).

5. As a substantive matter, petitioner's detention without bail is justified.

6. The only proper remedy for the procedural error of failing to state reasons for revocation of bail is an order

---

1. Petitioner's claim that the Supreme Court of Pennsylvania has unduly delayed acting on his petition in that Court for a writ of *habeas corpus* is now moot because of that Court's rulings

of November 26, 1985. Petitioner's and respondents' contentions regarding release of petitioner pending disposition of this petition are also now moot.

to the trial court to file such a statement.

At final argument respondents also contended that petitioner's arguments do not raise a cognizable federal constitutional claim.

■ Petitioner has stated a federal constitutional claim entitling him to release on a writ of *habeas corpus.* The court does not rest its conclusion on a holding that the Fourteenth Amendment's procedural due process guarantee requires any particular procedure for the making of bail determinations *ab initio. See Finetti v. Harris,* 609 F.2d 594 (2d Cir.1979) (state court's denial of motion for stay and bail pending appeal without statement of reasons is not arbitrary per se); *U.S. ex rel. Walker v. Twomey,* 484 F.2d 874 (7th Cir.1973) (that requiring state court to provide reasons for denial of bail pending appeal would facilitate rational basis review does not authorize federal court to require such a procedure). However, the court is satisfied that where state law provides that bail continues pending appeal unless revoked, Pa.R. Crim.P. 4011, and that bail cannot be revoked without a statement of reasons, Pa. R.Crim.P. 4010(C), *revocation* of bail *sua sponte* without a hearing and without a statement of reasons constitutes an arbitrary denial of a state-created right in violation of the Fourteenth Amendment's guarantee of procedural due process.

Whatever the content of the constitutional protection with respect to bail, binding upon the states, it is clear that once a state has made provision for bail pending appeal, the arbitrary denial of bail violates the fourteenth amendment.

*U.S. ex rel. Walker v. Twomey,* 484 F.2d 874, 875 (7th Cir.1973). *Accord, Finetti v. Harris,* 609 F.2d 594, 597 (2d Cir.1979); *Marks v. Zelinski,* 604 F.Supp. 1211, 1213 (D.N.J.1985). *Cf. United States v. Delker,* 757 F.2d 1390, 1397–98 (3d Cir.1985) (discussing minimum due process standards for pretrial detention).

■ In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the court held that there was a right to a preliminary hearing after arrest for a parole violation. Similarly, in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Court held that "a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey* ...." *Id.* at 782, 93 S.Ct. at 1760. *Cf. Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (Fourth Amendment requires timely judicial determination of probable cause as prerequisite to continued pretrial detention although full panoply of adversary safeguards is not necessary). Here, after petitioner was paroled on his unrelated sentence, he was entitled to be released from custody on his valid unrevoked O.R. bail; his continued detention after completion of the unrelated sentence, and the subsequent revocation of bail without notice, an opportunity to be heard, and without a statement of reasons violated procedural due process. W. LaFave & J. Israel, *Criminal Procedure* 550 (1985) ("It is necessary, of course, that the [bail] revocation hearing be conducted in conformance with the requirements of procedural due process...."); *Hohman v. Hogan,* 474 F.Supp. 1290 (D.Vt.1979) (petitioner was denied due process when he was denied opportunity to present evidence to oppose state's motion to revoke bail pending appeal and not informed of reasons why that opportunity was precluded nor of the factual basis for revocation). *See also Ponte v. Real,* —— U.S. ——, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985) (due process clause does not require state prison officials to place in administrative record reasons for refusal to call witnesses requested by inmate at disciplinary hearing but officials must at some point explain reasons by placing in record or testifying if deprivation of liberty is challenged because of refusal); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (where state permits accumulation of good time credits, revocation of credits is valid only if carried out in manner satisfying procedural due process); *Grandison v. Cuyler,* 774 F.2d 598 (3d Cir.1985) (state prison misconduct determinations which may result in liberty depriva-

tion must be conducted in accord with minimum federal due process standards).

■ The United States Court of Appeals for the Third Circuit ruled in *United States v. Higgs*, 731 F.2d 167 (1984) that the district court improperly revoked defendant's bail *sua sponte* after a jury returned guilty verdicts. Although the holding rested on federal statutes and the Federal Rules of Criminal Procedure, the Court of Appeals' reasoning is instructive:

> ... the statutory right to bail following a verdict necessarily implies that defendants be given a meaningful opportunity to respond to the suggestion that their ongoing criminal activities are likely to pose a threat to the community. The court's summary action here afforded no such opportunity.

*Id.* at 169.

> If the trial court intends to act *sua sponte* it must give some appropriate notice of that intention, giving the reasons for that intention, and affording an opportunity for defendants to meet the burden imposed by Fed.R.Crim.P. 46(c).

*Id.* at 170 (emphasis supplied). This court believes that procedural due process also imposes upon a Pennsylvania state court revoking bail the obligation to provide a defendant already in custody with notice and an opportunity to be heard.

The Third Circuit also recently remanded the appeal of pretrial detention orders in *United States v. Accetturo*, 783 F.2d 382 (3d Cir.1986). In *Accetturo* appellants challenged the procedures applied by the district court in the detention hearings and the constitutionality of the Bail Reform Act of 1984. *Id.* at 383. The Court of Appeals remanded on evidentiary grounds, *id.* at 392, in an opinion which suggests at numerous points that due process requires procedural safeguards in determinations regarding pretrial detention. *Id.* at 387–88, 389, and 390. *See also id.* at 392–94, and 395–96 (Sloviter, J., dissenting in part). *Accetturo* involved pretrial detention. However, in this case petitioner was allowed to remain free on bail after his conviction, his bail was not revoked when

he was sentenced, and he is detained now only because his bail was revoked with no notice, no hearing, and no statement of reasons. The court finds that under these circumstances petitioner's procedural due process rights were clearly violated.

■ Respondents' citation of cases where petitioners challenged denial of bail pending state appeal are not persuasive in a case involving the *revocation* of bail without notice or opportunity to be heard. In *U.S. ex rel. Walker v. Twomey*, 484 F.2d 874 (7th Cir.1973), the court applied a "presumption of regularity" in upholding denial of bail pending appeal. *Id.* at 876. If there is such a presumption, it falls in this case where it is admitted that no notice was provided, no hearing held, and no reasons stated for revocation in clear violation of Pa.R.Crim.P. 4010(C). Where a person has been held entitled to release on bail, its arbitrary revocation is unconstitutional. *Finetti v. Harris*, 609 F.2d 594 (2d Cir. 1979) is distinguishable on the same grounds as *Walker*. The record before this court does not support any conclusion other than that revocation of petitioner's bail was arbitrary and without due process. *Marks v. Zelinski*, 604 F.Supp. 1211 (D.N. J.1985) is also distinguishable. It involved denial of release on bail, not its revocation. The state trial court there stated reasons for the decision to deny release on the record in the presence of the defendant (the seriousness of the crime and length of sentence were *much* greater than in this case); and petitioner *had been* allowed to be *heard* on the bail question. In the absence of such a hearing, without notice and without a statement of reasons, the revocation of petitioner's bail cannot be held to comport with due process.

When Judge Gordon found petitioner guilty of theft and related offenses, he allowed petitioner to remain free on $3,000 O.R. bail. The judge did not revoke this bail at sentencing even though he then knew whatever facts about petitioner were relevant to his sentencing and to a decision on the propriety of bail. In particular, the court knew that petitioner had been con-

victed and sentenced on June 4, 1984 to 2 to 7 years on an unrelated charge because the 4½ to 9-year sentence imposed for this charge of theft and related offenses was expressly consecutive to the other sentence. Pennsylvania Rule of Criminal Procedure 4011 provides:

> Unless bail is revoked, the bond shall be valid until full and final disposition of the case, including all avenues of direct appeal to the Supreme Court of Pennsylvania and to the Supreme Court of the United States by writ of certiorari or appeal.

Judge Gordon failed to revoke petitioner's bail at the sentencing, whatever his discretion to do so, and therefore it remained in force because petitioner's direct appeal was then (and still is) pending.

■ After petitioner's counsel informally informed Judge Gordon that petitioner had a right to be free because his bail had not been revoked, Judge Gordon revoked petitioner's bail without notice, opportunity to be heard, or any statement of reasons. The court accepts the respondents' contention that Judge Gordon retained *jurisdiction* to deny bail, Pa.R.App.P. 1701, 1762(b), but to do so *sua sponte* in chambers without providing notice, any opportunity to be heard, and any statement of reasons constitutes an arbitrary denial of a liberty interest violative of the Fourteenth Amendment.

■ Pennsylvania law rested the bail decision in Judge Gordon's discretion, Pa.R. Crim.P. 4010(B) but that does not alter the court's conclusion that the discretion was exercised arbitrarily in violation of Pa.R. Crim.P. 4010(C) and 4011 and due process. None of the state courts in which petitioner has sought redress has provided him an opportunity to be heard on this issue or stated any reasons for its denial of his claims. Thus, the state courts have not cured the arbitrary denial of petitioner's release upon his parole from sentence on an unrelated charge.[2]

Judge Gordon allowed petitioner to remain free on $3,000 O.R. bail *after* his conviction. The judge allowed that bail to remain in effect at the hearing on post-verdict motions although defendant was then under arrest on an unrelated charge and in custody for failure to post bail set thereon, and Judge Gordon allowed that same bail to remain in effect at sentencing although he then knew petitioner was serving a prison term for that offense for which he would soon be paroled. The judge nonetheless revoked petitioner's bail *sua sponte* over eight months later. The writ of *habeas corpus* should be granted and the petitioner enlarged on the $3,000 O.R. bail now in effect. This is, of course, without prejudice to the state's proceeding in state courts to revoke petitioner's bail in an appropriate manner.

The state court now requests a stay of execution of the writ to permit the state court judge to file reasons for petitioner's detention or to grant him a revocation of bail hearing with the continued retention of petitioner in custody until those events occur. The state now expresses concern if petitioner is released pending his state court appeal. But the state has known of the due process problems raised by petitioner at least since this court's opinion of October 23, 1985, and has failed to take any steps to provide petitioner with a bail revocation hearing comporting with due process. The state has failed to provide evidence of record in this court supporting detention of petitioner or proof that such evidence has been considered by any state court. Immediately prior to oral argument, the state moved for a two-week continuance to prepare for a bail hearing in this court to offer such evidence. But the propriety of the continuation of petitioner's bail should be considered in state court at a hearing with notice to a counselled defendant. *Carter and Artis v. Rafferty, et al.,* 781 F.2d 993 (3d Cir.1986) (enlargement of victorious *habeas* petitioner is controlled by Fed.R.App.P. 23).

---

2. Should the state seek to revoke petitioner's bail after the grant of this writ, it must comply with federal due process requirements under the Fourteenth Amendment.

This court is aware that in issuing this writ it might have delayed its execution to provide a reasonable period in order to afford the state an opportunity to correct the constitutional infirmity but nonetheless is of the view that on these facts no valid reason appears on the record to retain petitioner in custody and the writ should issue immediately. Petitioner's release pending appeal of the grant of the writ is governed by Fed.R.App.P. 23. Section (c) provides:

Release of Prisoner Pending Review of Decision Ordering Release. Pending review of a decision ordering the release of a prisoner in such a proceeding, the prisoner shall be enlarged upon his recognizance, with or without surety, unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall otherwise order.

This court specifically declines to otherwise order. Although petitioner has established that his bail pending appeal was improperly revoked, not that his conviction or sentence were constitutionally flawed, his O.R. bail continues under state law at the present time. Nothing on the record suggests any danger to the federal court's interest in assuring the appearance of petitioner in subsequent proceedings in federal court or if the granting of the writ is overturned on appeal, for the purpose of restoring the petitioner to state custody. The state can also move to revoke the bail now outstanding in state court.[3] *Carter and Artis v. Rafferty, et al.,* 781 F.2d 993 (3d Cir.1986).

■ However, Fed.R.App.P. 23(d) also provides:

Modification of Initial Order Respecting Custody. An initial order respecting the custody or enlargement of the prisoner and any recognizance or surety taken, shall govern review in the court of appeals and in the Supreme Court unless for special reasons shown to the court of

appeals or to the Supreme Court, or to a judge or justice of either court, the order shall be modified, or an independent order respecting custody, enlargement or surety shall be made.

Mindful of our obligation to give the Court of Appeals the opportunity to act on any emergency motion to revoke petitioner's enlargement on bail in connection with an appeal of this court's Order, *United States v. Coleman, et al.,* 777 F.2d 888 (3d Cir. 1985), if an appeal is filed with the Court of Appeals on or before March 14, 1985, this court will order a stay of execution of the grant of the writ until the Court of Appeals has had the opportunity to act on any concurrent application for an order respecting custody, enlargement or surety.

## ORDER

AND NOW, this 10th day of March, 1986, for the reasons stated in the foregoing Memorandum, it is ORDERED that:

1. Petitioner's motion for a writ of *habeas corpus ad testificandum* is DENIED as moot.

2. Respondents' motion for a continuance is DENIED.

3. Petitioner's motion for a writ of *habeas corpus* pursuant to 28 U.S.C. §§ 2241 and 2254 is GRANTED.

4. If respondents seek to revoke petitioner's state bail pending direct appeal of his criminal conviction, such revocation proceeding shall comport with due process of law as required by the Fourteenth Amendment to the United States Constitution.

---

**3.** However, on March 7, 1985, the District Attorney agreed not to convert petitioner's hearing on March 10, 1986 (previously scheduled to allow petitioner's counsel to withdraw) to a

hearing on revocation of bail, admitting that the lack of notice and difficulties with counsel precluded a fair hearing on that issue.