**William LEWIS, Petitioner,**

v.

**STATE OF MAINE, et al., Defendants.**

Civ. No. 89–0282–P.

United States District Court,
D. Maine.

April 30, 1990.

William Lewis, Thomaston, Me., pro se.

Charles K. Leadbetter, Asst. Atty. Gen., Augusta, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER DENYING PETITIONER'S HABEAS CORPUS PETITION

GENE CARTER, Chief Judge.

Petitioner filed this *habeas corpus* petition with the Court on November 11, 1989, pursuant to 28 U.S.C. § 2254, seeking relief on the ground that Maine courts unconstitutionally revoked his preconviction bail. Petitioner's confinement by the state resulted from his indictment for attempted murder and aggravated assault after he shot his wife in the shoulder. After a period of pretrial proceedings, Petitioner was released on bail on August 22, 1988. One of the conditions of Petitioner's release was that he have no contact with the alleged victim. On the evening following his release on bail, Madison police saw Petitioner in the area of his wife's residence and later observed Petitioner driving his car, which had been parked in his wife's driveway. Shortly after daybreak on the next morning, police found Petitioner approximately seventy feet from his wife's house with a pair of binoculars trained on her house. The officers arrested Petitioner for violating the condition of bail prohibiting him from having contact with his wife.

Counsel for Petitioner requested a prompt hearing on the question of bail, and on August 23, 1988, the same day as Petitioner's arrest, a hearing was held on that issue before the Somerset County Superior Court. After the hearing the presiding

judge found, by clear and convincing evidence, that Petitioner had violated a condition of bail by having indirect contact with his wife. The judge also found that there was a serious risk that if bail were not revoked, Petitioner would again try to contact his wife with potentially dire consequences. Based on those findings, the Court revoked Petitioner's preconviction bail pursuant to 15 M.R.S.A. § 1093(3), and ordered Petitioner held without bail pending trial. *See State of Maine v. Lewis,* No. CR–87–487, Opinion and Order (Aug. 29, 1988). Petitioner initiated a statutory appeal, pursuant to 15 M.R.S.A. § 1093(4), which was denied by a single justice of the Supreme Judicial Court of Maine. *See State of Maine v. Lewis,* Criminal Docket No. CR–87–487, Order on Revocation of Bail (Sept. 8, 1988).

On April 21, 1989 a jury found Petitioner guilty on both counts brought against him. Petitioner appealed his conviction to the Law Court, and that appeal is still pending. The trial court automatically denied bail pending appeal, pursuant to the Maine Bail Code, due to his preconviction bail revocation.[1] Petitioner twice appealed that denial to single justices of the Supreme Judicial Court of Maine, and on both occasions the denial of bail pending appeal was affirmed. *State v. Lewis,* Law Docket No. Som–88–377, Order (October 5, 1988); *State v. Lewis,* Law Docket No. Som–88–377, Order (July 7, 1989).

### I.

Petitioner contends that his preconviction bail was improperly revoked in violation of his "constitutional and civil rights." Petitioner asserts four grounds in support of his contention that his preconviction bail was revoked illegally. He contends that the appearance bond: (1) did not prohibit

---

**1.** The *Maine Bail Code* provides in pertinent part that:

Post-conviction bail shall not be available to a defendant convicted of:

. . . . .

C. Any crime when the defendant's preconviction bail was revoked and denied under section 1093.

15 M.R.S.A. § 1051.

him from having indirect contact with his wife, the alleged victim; (2) did not restrict where he could travel in Maine, and thus he claims to have had a right to be in the general area of his wife's residence; (3) placed no restrictions on where he could live; and (4) did not prohibit him from recovering his personal property, including his automobile, from his former residence.

Because Petitioner was eventually convicted of the offenses with which he was charged, the issue of the revocation of his pretrial bail has become moot. *See Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982); *United States v. Vachon,* 869 F.2d 653, 656 (1st Cir.1989). However, Petitioner's application for bail pending appeal was denied automatically under 15 M.R.S.A. § 1051(1)(C) due to the preconviction bail revocation. The Court construes his *pro se* petition liberally and treats it as an attack on the state's denial of bail pending appeal. *See Simmons v. Dickhaut,* 804 F.2d 182, 184 (1st Cir.1986).[2]

■ A criminal defendant has no absolute federal constitutional right to bail pending appeal from a conviction. *Sanchez v. United States,* 134 F.2d 279, 284 (1st Cir.1943); *Finetti v. Harris,* 609 F.2d 594, 599 (2d Cir.1979); *Hamilton v. New Mexico,* 479 F.2d 343, 344 (10th Cir.1973). Once a state provides for bail pending appeal, however, the Eighth and Fourteenth Amendments to the United States Constitution prohibits the state from denying bail arbitrarily or in a discriminatory fashion. *Finetti,* 609 F.2d at 599.

■ The Court finds the denial of postconviction bail to Petitioner neither arbitrary nor discriminatory. Petitioner's request for postconviction bail was denied

---

**2.** *Petitioner has satisfied the requirement that he exhaust his state remedies, 28 U.S.C. § 2254(b), although his petition presents the outer limit of what is required to fairly present a* habeas *petitioner's legal claim to the state courts. Cf. Nadworney v. Fair, 872 F.2d 1093 (1st Cir.1989). The Court finds that Petitioner's challenges to the denial of postconviction bail before the Maine courts alerted those courts as to the federal nature of his challenge.*

under the Maine Bail Code, which provides that bail pending appeal is not available if a defendant's preconviction bail has been revoked. 15 M.R.S.A. § 1051(1)(C). Automatic denial of bail on that basis is not inherently arbitrary; on the contrary, the Maine legislature could rationally conclude that if a defendant has violated the conditions of bail prior to conviction, that defendant will not be an appropriate candidate for release on bail pending appeal while he is in postconviction status.

■ Because Petitioner's preconviction bail revocation extinguished any possibility of Petitioner being released on bail after his conviction, any constitutional infirmity in the preconviction revocation could be the basis for invalidating the state's denial of postconviction bail. The Court finds, however, no constitutional defect in the state's revocation of preconviction bail. Counsel for Petitioner requested, and was granted, a prompt hearing on the issue of bail revocation. After an adequate evidentiary hearing, at which counsel for Petitioner was present and had the opportunity to examine witnesses on direct and cross examination, the presiding judge concluded that Petitioner had violated a condition of bail, and that no condition or combination of conditions of release would reasonably ensure the integrity of the judicial process. *State of Maine v. Lewis*, No. CR–87–487, Opinion and Order at 4 (Aug. 29, 1988). Under 28 U.S.C. § 2254(d), the factual find-

ings of the state court are presumed correct unless one of the exceptions in the statute applies.[3] From an examination of the record, and after a liberal construction of Petitioner's *pro se* petition, this Court finds that none of the exceptions applies, and thus will not disturb the state court's findings of fact. The Court holds that the state's denial of bail pending appeal to Petitioner did not violate his constitutional or civil rights, and thus denies the petition.

Accordingly, the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 is DENIED.

SO ORDERED.

---

**3.** 28 U.S.C. § 2254(d) provides in pertinent part: In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding ... shall be presumed to be correct, unless the applicant shall establish, or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding;

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made ... is produced ... and the Federal court ... concludes that such factual determination is not fairly supported by the record ...