Robert C. OWENS, Petitioner,

v.

Jeffrey BEARD, Warden; and Attorney General of the Commonwealth of Pennsylvania, Respondents.

No. 3:CV–93–0320.

United States District Court, M.D. Pennsylvania.

Aug. 13, 1993.

Irving L. Bloom, Greensburg, PA, for petitioner.

Ernest D. Preate, Jr., Office of Atty. Gen., Harrisburg, PA, Ray Gricar, Dist. Attorney's Office, Bellefonte, PA, for respondents.

### MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Petitioner Robert C. Owens, an inmate at the State Correctional Institution at Camp Hill, Pennsylvania, filed a petition for writ of habeas corpus [1] challenging the Pennsylvania courts' refusal to permit him to remain free on bail following his sentencing and pending appeal. Petitioner was free on $100,000.00 bail prior to sentencing.

Petitioner was convicted in the Court of Common Pleas of Centre County, Pennsylvania on charges of indecent assault and involuntary deviate sexual intercourse[2] filed to Centre County CR No. 1990–1611. He was sentenced on June 16, 1992 by the Honorable David E. Grine to an aggregate minimum term of imprisonment of sixteen years and a maximum term of 65 years, on sixteen separate counts.[3]

Following petitioner's sentencing, the court revoked bail, stating that there existed a danger that the petitioner might commit other crimes if allowed to remain free on bail and citing the fact that he had been convicted of a felony. Petitioner appealed the bail revocation to the Pennsylvania Superior and Supreme Courts. Both denied the appeal. Petitioner's appeal from his conviction is still pending before the Pennsylvania Superior Court at No. 417 Harrisburg, 1992.

Petitioner contends in this action that the Pennsylvania courts' refusal to grant bail pending his appeal is a violation of the Eighth Amendment right to be free from excessive bail. He also challenges the alleged failure of the trial court judge to set forth on the record facts supporting his determination that bail revocation was appropriate because of the possibility that the defendant would commit other crimes. Pa. R.Crim.P. 4010 B(2)(c). Petitioner alleges that the trial court's failure to follow Pennsylvania procedural requirements constitutes a violation of his right to due process under the Fourteenth Amendment.

The case was assigned to the Honorable J. Andrew Smyser, United States Magistrate Judge. In a report and recommendation dated May 7, 1993 (Record Document No. 6), the magistrate judge recommends that the petition for writ of habeas corpus be denied without a hearing.

Petitioner filed objections to the magistrate judge's report and recommendation in which he argues that the Pennsylvania courts' bail revocation should be reversed because the trial court judge failed to state any factual basis on the record for his refusal

to allow the petitioner to remain free on bail pending appeal. (Record Document No. 8).

### Standard of review of magistrate judge's report

■ If objections are filed to the report of a magistrate judge, we are required to make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. We may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) and Local Rule 904.2. Although our review is *de novo*, we are permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent we, in the exercise of sound discretion, deem proper. *United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980). Accord: *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.1984).

### Exhaustion of remedies

■ Federal courts may grant habeas corpus relief to a state prisoner only if available state remedies have been exhausted. *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir.1991), citing 28 U.S.C. § 2254(b). Petitioner has exhausted state remedies for the claims asserted here as required by 28 U.S.C. § 2254(b). Petitioner appealed the state trial court's revocation of bail to the Pennsylvania Superior and Supreme Courts. Both courts denied his appeal.

### Bail revocation post-sentencing

■ Plaintiff alleges the violation of his Eighth Amendment and Fourteenth Amendment due process rights. To prove a violation of due process rights, a plaintiff must show that he was deprived of a liberty or property interest protected by the Fourteenth Amendment. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 8, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). "Liberty interests protected by the Fourteenth Amendment may arise from one of two sources—the Due Process Clause itself and the laws of the

---

2. Petitioner was charged under 18 Pa.Cons.Stat. Ann. §§ 2904, 2910, 3123 and 3126.

3. The transcript of petitioner's sentencing hearing is attached to Record Document No. 5.

States." *Hewitt v. Helms,* 459 U.S. 460, 466, 103 S.Ct. 864, 868–69, 74 L.Ed.2d 675 (1983). Accord: *Kentucky Department of Correction v. Thompson,* 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).

It is clear that "[a] criminal defendant has no absolute federal constitutional right to bail pending appeal from a conviction." *Lewis v. Maine,* 736 F.Supp. 13, 14 (D.Me.1990). Accord: *Finetti v. Harris,* 609 F.2d 594, 599 (2d Cir.1979) and *United States v. Aytch,* 355 F.Supp. 630, 642 (E.D.Pa.1973). Hence, if such a right exists, it must stem from the laws of Pennsylvania.

"The existence of a statutorily created liberty interest depends upon the statutory language and 'must be decided on a case-by-case basis.'" *Reider v. Commonwealth, Bureau of Correction,* 93 Pa.Cmwlth. 326, 502 A.2d 272, 275 (1985) quoting *Greenholtz, supra,* 442 U.S. at 12, 99 S.Ct. at 2106.

In *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983), the United States Supreme Court discussed the standard for determining whether a protected liberty interest has been created by state law, stating:

> [A] state creates a protected liberty interest by placing substantive limitations on official discretion. An inmate must show 'that particularized standards or criteria guide the State's decisionmakers.' . . . If the decisionmaker is not 'required to base its decisions on objective and defined criteria,' but instead 'can deny the requested relief for any constitutionally permissible reason or for no reason at all,' . . . the State has not created a constitutionally protected liberty interest.

*Id.*

State regulations which place no substantive limitations on official discretion "create no liberty interest entitled to protection under the Due Process Clause." *Olim, supra,* 461 U.S. at 249, 103 S.Ct. at 1747. Accord: *Kentucky, supra,* 490 U.S. at 461–62, 109 S.Ct. at 1909.

A state creates a liberty interest protected by the Due Process Clause if it enacts statutes or regulations using "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed and that . . . [certain measures will or will not be taken] absent specified substantive predicates". *Hewitt, supra,* 459 U.S. at 471–72, 103 S.Ct. at 871.

■ If the decision-making process is discretionary, i.e., if statutes or regulations establish guidelines, but do not mandate a particular result if certain conditions exist, there is no protectible interest in achieving a particular outcome. *Kentucky, supra,* and *Olim, supra,* 461 U.S. at 249, 103 S.Ct. at 1747.

"The requirements of the due process clause are flexible and must be analyzed in the context of the particular claim." The courts "must look to the nature of the interests at stake, both private and governmental, in order to determine the process due." *Crosby–Bey v. District of Columbia,* 786 F.2d 1182 (D.C.Cir.1986), citing *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976). The status of the individual and surrounding circumstances impact on the right to due process and the nature of that right if it is found to exist.

■ The rights and privileges of persons sentenced to imprisonment for a crime are not co-extensive with those of persons not convicted and sentenced. Individuals sentenced to a term of imprisonment suffer a loss of certain basic rights and freedoms. See, e.g., *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976) (Inmates have no right to due process before transfer to a less desirable prison and no right to a particular classification or to eligibility for rehabilitative programs.) Although "prisoners retain certain basic constitutional rights, including the protections of the due process clause," they do not retain the same rights and freedoms as they enjoyed prior to sentencing. See, e.g. *Young v. Kann,* 926 F.2d 1396, 1402–03 (3d Cir.1991) and *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

### Pennsylvania law

■ Although Pennsylvania law provides for bail pending appeal, significant restrictions are imposed. If the defendant is sentenced to a term of imprisonment of two

years or more, he does not have the same right to bail as before the verdict. Bail may be granted or continued in the discretion of the judge. If bail is refused or revoked, the judge is required to state on the record the reasons for his decision. Pa.R.Crim.P. 4010 B(2).[4] No other limits are imposed on the court's discretion, and unlike the decision to grant or continue bail pre-trial, there is no list of factors which the court *must* consider in making its determination. Compare Pa. R.Crim.P. 4004.[5]

The language of Rule 4010 B negates any reasonable inference that it was intended to mandate a bail revocation hearing after sentencing, when the sentence imposed includes imprisonment of two or more years. Under the rule, the judge's discretion is circumscribed only by the requirement that he state on the record the reasons for his decision. Unlike the situation before verdict, and even after a finding of guilt but before sentencing (Pa.R.Crim.P. 4010 A), the rules do not require him to take certain specified factors into consideration when deciding whether to continue or revoke bail pending appeal. No sentenced defendant could "reasonably form an objective expectation" based on this rule that he has a right to bail or any corresponding right to a bail hearing. See, e.g., *Kentucky, supra,* 490 U.S. at 465, 109 S.Ct. at 1911 (Prisoner had no "statutorily created liberty interest" in receiving certain visitors.

"[T]he regulations are not worded in such a way that an inmate could reasonably expect to enforce them against prison officials.") See also: *Carter v. Zimmerman,* No. 88 Civ. 1211, 1989 WL 64581 (E.D.Pa.1989) (LEXIS, Genfed library, Dist. file 6635) (Newcomer, J.) (Pennsylvania regulations do not confer upon inmates a protected interest in a transfer to a pre-release program, since eligibility is contingent on discretionary factors, e.g., clearance and approval of the institution superintendent).

In *Wright v. Cuyler,* 517 F.Supp. 637, 642 (E.D.Pa.1981), the district court held that due process rights do not attach to inmates' participation in rehabilitation programs, because such programs

involve 'subjective' and 'predictive' decisions, administrators of such programs must necessarily be allowed broad discretion in discharging their duties. . . . In establishing its pre-release program, the Pennsylvania Bureau of Corrections has made clear that the officials charged with its operation are vested with broad discretion, and that no inmate is automatically entitled to participate even if he meets the minimum criteria. In light of this explicit reservation of discretion over operation of the program by the Bureau, the courts should be hesitant to declare a liberty interest, unless there is a plain statement of

---

**4.** Rule 4010 B provides:

(1) When the sentence imposed includes imprisonment of less than two years, the defendant shall have the same right to bail as before verdict.

(2) Except as provided in section A(1), when the sentence imposed includes imprisonment of two years or more, the defendant shall not have the same right to bail as before verdict, but bail may be allowed in the discretion of the judge.

(3) When bail is set after sentencing, the judge shall condition bail upon the defendant's perfecting an appeal within the time permitted by law.

Pa.R.Crim.P. 4010 B.

Rule 4010 C provides:

Whenever bail is refused or revoked under authority of this Rule, the judge shall state on the record the reasons for this decision.

Pa.R.Crim.P. 4010 C.

**5.** Rule 4004 sets forth the standards for setting pre-verdict bail. It provides:

In setting pre-verdict bail, bail shall be such as to insure the presence of the defendant as required by the bond and shall be determined according to the following standards:

(i) the nature of the offense charged and any mitigating or aggravating factor that may bear upon the likelihood of conviction and possible penalty;

(ii) the defendant's employment status and history and his financial condition;

(iii) the nature of his family relationships;

(iv) his past and present residences;

(v) his age, character, reputation, mental condition, record of relevant convictions, and whether addicted to alcohol or drugs;

(vi) if he has. previously been released on bail, whether he appeared as required; and

(vii) any *other facts relevant to whether the* defendant has strong ties with the community or is likely to flee the jurisdiction.

Pa.R.Crim.P. 4004.

legislative policy circumscribing the discretion of penal authorities ...

*Id.* The decision to allow or not to allow a sentenced defendant to remain free on bail pending appeal of his conviction involves many of the same considerations. For the reasons expressed in *Wright,* we do not interpret Pa.R.Crim.P. 4010 B as vesting in defendants sentenced to a term of more than 2 years a liberty interest in remaining free on bail. Far from "circumscribing the discretion" of the court in granting bail, Rule 4010 B expressly leaves the court unfettered discretion, subject only to the requirement that the judge state, on the record, the reasons for his decision.

Even if the rule did create such an interest, it was not violated here. Federal courts have identified two rights which potentially attach to the right to bail post-sentencing: 1) freedom from an arbitrary decision by the court, *United States v. Bensinger,* 322 F.Supp. 784, 787 (N.D.Ill.1971), and 2) the right to notice and a hearing. Freedom from an arbitrary decision has generally been interpreted to mean the right to have the court state the reason or reasons for bail revocation. Failure to state any reason whatsoever on the record for the revocation or denial of bail pending appeal may render bail revocation unconstitutional on the grounds of arbitrariness. *United States ex rel. Sullivan v. Aytch,* 355 F.Supp. 630, 642 (E.D.Pa.1973).

As discussed above, Judge Grine did state on the record the reasons for bail revocation. His statement satisfies any federal requirement that revocation not be arbitrary. It is also relevant to note that as the trial court judge, who, we assume, presided over Owens' trial, and who, we know, had just presided over his sentencing hearing, Judge Grine was certainly familiar with the nature of the offense, the character of the defendant, his circumstances in life, etc., and therefore had much information on which to base his conclusion that defendant posed a potential threat to the community if permitted to remain free on bail. (See: Sentencing Hearing Transcript, Record Document No. 5., exhibit)

While the right to freedom from an arbitrary decision by the court is relatively well accepted, the right to a bail hearing is far less so. Few courts have held that a post-sentencing bail hearing is required to satisfy due process. One of those which has so ruled is the Eastern District of Pennsylvania. In a 1986 decision, *King v. Zimmerman,* 632 F.Supp. 271 (E.D.Pa.1986), Judge Shapiro ruled that the state court's failure to conduct a post-sentencing bail hearing was a violation of the petitioner's Fourteenth Amendment rights and granted him federal habeas relief on the basis of that violation.

Owens was not provided with a bail hearing or the right to be heard on the subject of bail revocation in this instance. However, based on our determination that applicable Pennsylvania bail rules did not create for him a vested liberty interest in receiving bail pending appeal, we find that petitioner had no right to such a hearing, and decline to follow *King's* indication to the contrary.

Based on the foregoing, we conclude that petitioner's claims of Eighth and Fourteenth Amendment infringement have no legal basis. Since there are no material issues of fact in dispute, no purpose would be served by conducting a hearing.

Petitioner's request for federal habeas relief will, therefore, be denied.

### *ORDER*

For the reasons stated in the accompanying memorandum, **IT IS ORDERED THAT:**

1. The recommendations made in the report filed by Magistrate Judge Smyser on May 7, 1993 (Record Document No. 7) are approved and adopted.

2. Petitioner's petition for writ of habeas corpus is dismissed.

3. The Clerk of Court is directed to close this file and to send a copy of this order and accompanying memorandum to Magistrate Judge Smyser.