**Wade E. HOTT and Bettie L. Hott,
Plaintiffs-Appellants and
Cross-Appellees,**

**v.**

**TILLOTSON–LEWIS CONSTRUCTION COMPANY, Paul G. Tillotson and Howard Lewis, individually, Defendants Third-Party Plaintiffs-Appellees and Cross-Appellants,**

**v.**

**Bill IRWIN, d/b/a Troost Roofing and Guttering, Third-Party Defendant.**

No. 81CA0946.

Colorado Court of Appeals,
Div. I.

Dec. 29, 1983.

Rehearing Denied Jan. 26, 1984.

Certiorari Denied June 25, 1984.

Fleming, Pattridge, Hacking & Gardner, Conrad E. Gardner, Golden, for plaintiffs-appellants and cross-appellees.

Plaut, Lipstein & Beckman, P.C., Evan S. Lipstein, Lakewood, for defendants third-party plaintiffs-appellees and cross-appellants.

ENOCH, Chief Judge.

In an action for breach of a construction contract, plaintiffs, the Hotts, appeal a judgment in which the trial court failed to award them prejudgment interest and in

which, after a motion for new trial, it deleted the individual liability of Lewis and Tillotson, two of the defendants. Defendants Tillotson-Lewis Construction Company, Inc., Lewis, and Tillotson cross-appeal, asserting that the trial court erred in allowing certain testimony, in determining present value, and in cancelling a promissory note. We affirm in part and reverse in part.

Plaintiffs contracted with defendants to build a house. Representations were made that Tillotson and Lewis were partners and Lewis signed papers as a partner. Neither the contract nor other documents reflected the existence of a corporation. The house built was defective, and it was also determined that plaintiffs were charged and paid for materials not used in the construction. After the construction was basically completed and at the time of closing, plaintiffs learned that Tillotson and Lewis had a corporation in existence at the time of construction.

The trial court awarded damages equal to "cost of completion" as of the date of completion and cancelled the promissory note executed by plaintiffs in favor of Tillotson-Lewis Construction Company, Inc. No prejudgment interest was awarded. At the hearing on motions to amend or for new trial, the court affirmed the judgment against the corporation but amended the judgment to eliminate any individual liability of Tillotson or Lewis.

## I.

Defendants contend that this court is without jurisdiction to address the individual liability issue because plaintiffs did not file any post-judgment motion after the court amended its judgment to eliminate individual liability. We disagree.

A motion for new trial is not necessary under C.R.C.P. 59(h) when it is "after any hearing not involving controverted issues of fact." Where, as here, the hearing on the motions to alter or amend or for new judgment did not involve underlying facts and circumstances in dispute, a motion for new trial after the court amends its

judgment is not required. *Rowe v. Watered Down Farms*, 195 Colo. 152, 576 P.2d 172 (1978); *see O'Hara Group Denver, Inc. v. Marcor Housing Systems Inc.*, 197 Colo. 530, 595 P.2d 679 (1979). Therefore, the issue of individual liability of Tillotson and Lewis is properly before this court on appeal.

## II.

The plaintiffs first contend that Tillotson and Lewis are individually liable on the contract because they were agents of an undisclosed principal, Tillotson-Lewis Construction Company, Inc. We agree.

As individuals acting within the scope of their authority for a corporation, Tillotson and Lewis are individually liable if they are acting for an undisclosed principal. *Fink v. Montgomery Elevator Co.*, 161 Colo. 342, 421 P.2d 735 (1966). The fact that their signatures do not show their capacities as officers is not dispositive. *Masinton v. Dean*, 659 P.2d 50 (Colo.App. 1982). As in *Conner v. Steel, Inc.*, 28 Colo.App. 1, 470 P.2d 71 (1970), the question here is whether the plaintiffs had notice that the principal was a corporation, and not a partnership.

None of the documents received by plaintiffs prior to closing reflected the name of the corporation, which thereby would have revealed its corporate status, the signatures indicated that a partnership existed, and there was no other evidence that plaintiffs knew of the existence of the corporation. Therefore, there was no evidence to support the trial court's conclusion, and, as a matter of law, Tillotson-Lewis Construction Company, Inc., was an undisclosed principal. Hence, as its agents, Tillotson and Lewis are individually liable on the contract.

## III.

Plaintiffs further contend that prejudgment interest should have been awarded to them. Section 5–12–102(1)(a), C.R.S.1973 (1982 Cum.Supp.) allows inter-

est to be awarded for money or property wrongfully withheld. We conclude, for the reasons stated in *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo.App.1983), that prejudgment interest may be awarded in a breach of construction contract case, even if the amount is unliquidated at the time of the wrongful withholding. *See* § 5–12–102(3), C.R.S.1973 (1982 Cum.Supp.); *Acme Delivery Service, Inc. v. Samsonite Corp.*, 663 P.2d 621 (Colo. 1983). Therefore, the court erred in failing to award prejudgment interest from the date of completion of the house to the date of judgment or payment, whichever is first. The amount awarded should be determined pursuant to § 5–12–102(1)(a), C.R.S.1973 (1978 Repl.Vol. 8), or at plaintiffs' election, pursuant to § 5–12–102(1)(b).

## IV.

On cross-appeal, defendants first contend that the trial court erred in admitting a cost estimate and certain other testimony, and in using this parol evidence to vary the contract between the parties. We disagree.

Parol evidence is not admissible to vary or contradict the terms of an agreement. However, where ambiguity exists, parol evidence is admissible to explain or supplement the terms of the contract. *McNichols v. Denver*, 120 Colo. 380, 209 P.2d 910 (1949). Where the evidence of the agreement consists of a document, the determination of its effect is a matter of law. To determine whether an ambiguity exists, the language of the document must be examined and construed in harmony with the plain and generally accepted meaning of the words employed. *Gran Prix Imports, Inc. v. Buckley Bros. Motors, Inc.*, 633 P.2d 1085 (Colo.1981).

We agree with the trial court's conclusion that the phrase "cost-plus" in this contract was ambiguous. Therefore, the trial court did not err in admitting the cost estimate and the testimony regarding the duties of a contractor in a "cost-plus" contract. *See Stone v. Caroselli*, 653 P.2d 754 (Colo.App.1982).

Defendants further contend that there was insufficient evidence to support the trial court's finding of fact that the nine and one-half percent interest rate was the proper rate to use in determining the present value difference between the original loan that plaintiffs had sought and acquired and the second loan plaintiffs were forced to acquire to cover the increased cost of the house upon completion. We disagree.

Where, as here, the court's finding of fact as to the proper interest rate to use in determining present value is supported by the record, it will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Defendants' final contention is that the trial court erred in cancelling the $4,000 promissory note executed by plaintiffs in favor of the defendant corporation. We disagree.

The court found that the execution of the note was the proximate result of defendants' improper overruns and, therefore, ruled that plaintiffs should be held harmless from that debt. Because this finding of fact is supported by the record, the court properly cancelled the note executed by plaintiffs on the basis of material failure of consideration. *See Converse v. Zinke*, 635 P.2d 882 (Colo.1981).

The judgment is reversed with respect to the individual liability of Tillotson and Lewis and with respect to the denial of prejudgment interest. The judgment is affirmed in all other respects. The cause is remanded to the trial court with instructions to impose individual liability on Tillotson and Lewis and to conduct such further proceedings as necessary to award the proper amount of prejudgment interest to plaintiffs.

SMITH and VAN CISE, JJ., concur.