**MERIT INSURANCE COMPANY,**
Plaintiff-Appellant,

v.

**LEATHERBY INSURANCE COMPANY**
a/k/a Western Employers Insurance
Company, Defendant-Appellee.

No. 82–2885.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 12, 1984.

Decided Feb. 28, 1984.

Charles J. O'Laughlin, Jenner & Block, Robert A. Holstein, Holstein, Mack & Associates, Chicago, Ill., for plaintiff-appellant.

Mitchell S. Rieger, Schiff, Hardin & Waite, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, POSNER, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

PER CURIAM.

On December 1, 1980, a panel of arbitrators awarded Merit Insurance Company $10,675,000 in a dispute with Leatherby Insurance Company. The district judge confirmed this award by order of November 19, 1981, and incorporated in that order an award of interest on the $10,675,000 at the rate of 8 percent per annum from December 1, 1980. On September 2, 1982, however, on Leatherby's motion under Fed.R. Civ.P. 60(b), the district judge set aside the arbitrators' award. Merit appealed to us, and on July 12, 1983, we reversed and directed the district judge "to reinstate the previous judgment," i.e., the judgment of November 19 confirming the arbitrators' award and adding to it interest to that date at 8 percent per annum. 714 F.2d 673, 683 (7th Cir.1983). We suspended our mandate, however, while Leatherby unsuccessfully sought certiorari. Merit now asks us to modify our mandate (1) to raise the interest rate for the period September 14 to November 19, 1981, from 8 to 12 percent; and (2) to give it post-judgment interest from November 19, 1981, to whenever the judgment is satisfied, at the rate of either 12 or 13.159 percent, the latter being the applicable rate if the 1982 amendment of 28 U.S.C. § 1961 applies to judgments entered before the date of the amendment. But we agree it does not, and therefore reject the suggestion of 13.159 percent.

■ With respect to pre-judgment interest, the parties agreed in the district court that New Jersey law governed and that 8 percent was the applicable rate under that law; but Merit has belatedly discovered that, effective September 14, 1981, two months before the district court issued the judgment that we have ordered reinstated, New Jersey had raised the interest rate to 12 percent. The proper route for amending a judgment to correct an error is by motion under Rule 59(e) (within 10 days) or 60(b)(1) (within one year). Although no such motion has been made, we could treat the present motion as a Rule 60(b)(1) motion to correct the judgment that we have ordered the district court to reinstate, a motion based on a mistake in the judgment, and we could grant the motion ourselves, without remand to the district court, *Byrd v. Hunt Tool Shipyards, Inc.,* 650 F.2d 44, 49 (5th Cir.1981)—provided it is timely. It comes of course much more than a year after the judgment was originally entered, and a year is the outside limit for a motion under Rule 60(b)(1). But within a year of that judgment the district court had set it aside and Merit had appealed, and perhaps the one-year period was tolled during this interval. However, the appeal itself would not have tolled it. *Bershad v. McDonough,* 469 F.2d 1333, 1336 (7th Cir.1972); *Carr v. District of Columbia,* 543 F.2d 917, 926 and n. 70 (D.C.Cir.1976). This is because, even while the case was on appeal, Merit could have asked the district court to correct its original judgment, and if the district court had expressed willingness to do so we would have remanded the case. True, this would have interrupted the appellate proceedings; and if the purpose of the one-year limitation is, as it appears to be, to safeguard the finality of civil judgments, that purpose is not engaged when as in this case the judgment sought to be corrected has not yet become final. But as arguments of this sort have been unavailing when the question was whether an appeal tolled the one-year deadline applicable to Rule 60(b)(1), we must reject the argument that the district judge's action in setting aside his original order tolled the period for seeking correction of that order in case it was reinstated, as indeed it has been.

■ In any event, the one-year deadline for Rule 60(b)(1) motions is just an outside limit; the interior limit is reasonableness. See, e.g., *Bank of California v. Arthur Andersen & Co.,* 709 F.2d 1174, 1176–77 (7th Cir.1983). This limit is intended not only to safeguard the finality of judgments but to encourage orderly procedure, which requires the prompt rectification of any mistakes. Two and a half years is too much.

Merit has been insufficiently diligent in discovering the error and bringing it to judicial attention. We therefore need not consider whether the type of error it made, a failure to discover a recent change in law, is within the scope of Rule 60(b)(1)'s reference to mistake; but we note that a negative answer to this question is suggested by *Western Transportation Co. v. E.I. DuPont de Nemours & Co.,* 682 F.2d 1233, 1236 (7th Cir.1982), and *Schattman v. Texas Employment Comm'n,* 330 F.Supp. 328, 330 (W.D. Tex.1971).

With regard to post-judgment interest, 28 U.S.C. § 1961 (in its pre-1982 form) and the cases construing it make clear that the law of the forum state, in this case Illinois, determines the interest rate. Inexplicably, and no doubt inadvertently, Illinois has long had two otherwise identical statutes governing post-judgment interest, both of which, until recently, prescribed the same rate of interest, 8 percent. See Ill. Rev.Stat., 1982 Supp., ch. 110, §§ 2–1303, 12–109. Paragraph 2–1303 was amended, effective January 1, 1980, to raise the interest rate to 9 percent. See P.A. 81–874. Paragraph 12–109 has not been changed. The parties are unable to furnish us with either reason or authority that might enable us to decide which statute should be applied here; both in their terms apply, and they are hopelessly in conflict. But apart from the fact that Leatherby, the wrongdoer, should not get the benefit of the doubt, we think it fairly apparent that if the Illinois legislature were to address the question it would want the interest rate to be 9 percent. The amendment to paragraph 2–1303 obviously was motivated by recognition that inflation (which was raging at a high rate in 1980) had made 8 percent an unrealistic interest rate. The legislature probably did not realize that there was another statute on the books, identical in all relevant particulars to paragraph 2–1303; it just neglected to amend (or repeal) the other statute to bring it into conformity with the amended paragraph 2–1303. We cannot think of any reason other than understandable inadvertence—for who would suspect there were two identical statutes in different parts of the statute book? —for the failure to amend paragraph 12–109 as well.

Finally, Leatherby asks us to suspend the award of post-judgment interest for the period between the district court's order setting aside its previous confirmation of the arbitration award and our reversal of that order. But as between Merit, whose position on the merits we have vindicated, and Leatherby, the adjudicated wrongdoer, it is more just that Merit should receive interest for the entire post-judgment period than that Leatherby should be allowed for even part of this period to enjoy, interest free, money that rightfully belonged to Merit.

To summarize, our mandate is hereby amended to make clear that the district court shall (1) reinstate its judgment of November 19, 1981, including the interest awarded therein, and (2) order Leatherby to pay interest to Merit on the amount of the November 19 judgment (i.e., the arbitrators' award plus pre-judgment interest to November 19) for the period since November 19 and until the judgment is satisfied in full, at the rate of nine (9) percent per annum.