**Joseph LAZZARA, Plaintiff,**

v.

**Howard A. ESSER, Defendant.**

**No. 83 C 185.**

United States District Court,
N.D. Illinois, E.D.

Aug. 26, 1985.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

The plaintiff in this diversity action, Joseph E. Lazzara ("Lazzara") sued Howard A. Esser ("Esser"), defendant, for breach of a contract to procure automobile liability insurance. This Court entered summary judgment in favor of Lazzara and against Esser on April 1, 1985. 604 F.Supp. 1211. Shortly thereafter, plaintiff made a motion to amend the judgment. On July 16, 1985, this Court granted plaintiff's motion to amend the judgment to include prejudg-

ment interest based on Ill.Rev.Stat. ch. 17, § 6402 and postjudgment interest based on Ill.Rev.Stat. ch. 110, § 2–1303. Presently pending before this Court is plaintiff's second motion to amend the judgment seeking an increased award of interest. Plaintiff contends that this Court erred in awarding postjudgment interest pursuant to Ill.Rev. Stat. ch. 110, § 2–1303 (1983), and instead should have awarded interest based on the federal postjudgment interest statute, 28 U.S.C. § 1961 (as amended effective Oct. 1, 1982). Defendant has not filed a response. For the following reasons, plaintiff's second motion to alter or amend the judgment is denied.

### Facts

On April 1, 1985, this Court granted summary judgment in favor of Lazzara and against Esser in the amount of $150,000. The basis for the judgment was that Esser had wrongfully failed to procure an excess liability insurance policy for Lazzara, which caused a judgment to be entered against Lazzara in a Florida state court in the amount of $150,000. The Florida judgment was entered on May 5, 1982. Shortly after this Court granted summary judgment in his favor, Lazzara made a motion to amend the judgment to include interest and attorneys' fees from May 5, 1982 through April 1, 1985. Lazzara requested that interest be calculated pursuant to Fla.Stat.Ann. § 55.03 (West 1985), the "interest on a judgment" statute, at the rate of 12% per annum.

After an exhaustive conflict of laws analysis, however, this Court determined that a district court sitting in Illinois and following Illinois substantive law had absolutely no interest to apply a Florida interest statute to a judgment rendered in an Illinois diversity action. This Court determined that the Illinois prejudgment interest statute was the appropriate statute under which interest should be calculated and, consequently, awarded Lazzara interest based on Ill.Rev.Stat. ch. 17, § 6402 (1983) at the rate of 5% per annum from May 5, 1982 through April 1, 1985.

Lazzara also requested postjudgment interest from the date summary judgment was rendered (April 1, 1985) until the date that the judgment was satisfied. This Court, following *Merit Insurance Co. v. Leatherby Insurance Co.*, 728 F.2d 943 (7th Cir.1984), awarded Lazzara postjudgment interest at the highest rate allowed in Illinois, 9% per annum, based on Ill.Rev.Stat. ch. 110, § 2–1303.[1] This Court also denied Lazzara's request for attorneys' fees because no evidence existed that Esser's delay in settling the action amounted to an unreasonable or vexatious delay.

On July 16, 1985, this Court issued its opinion awarding Lazzara interest based on these two Illinois statutes, citing the *Merit* case for the proposition that although Illinois has two postjudgment interest statutes which conflict as to the rate of interest, the defendant should not be able to profit from his wrongdoing, and, consequently, the interest should be calculated at the higher of the two rates. After reading this Court's July 16, 1985 opinion, Lazzara apparently is still unsatisfied with his recovery for he has once again come to this Court seeking to amend or alter his judgment. Despite the fact that he himself requested that the Florida interest statute be applied in his first motion to alter or amend the judgment, Lazzara now argues that this Court instead should have applied the federal interest statute, 28 U.S.C. § 1961 (as amended, effective Oct. 1, 1982).

### Discussion

28 U.S.C. § 1961, as amended, provides for interest to be granted on any money judgment entered in a civil case "at a rate

---

1. In *Merit,* the Seventh Circuit determined that before the 1982 amendment to 28 U.S.C. § 1961, the law of the forum state governed the rate of interest in diversity actions. The court then clarified that in Illinois, which has two postjudgment interest statutes, Ill.Rev.Stat. ch. 110, § 2–1303, and § 12–109, the former statute should control the rate of postjudgment interest to be awarded over the later statute. The court did not apply nor did it consider the use of 28 U.S.C. § 1961 in its post-amendment form.

equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52 week United States Treasury bills settled immediately prior to the date of judgment." In plaintiff's initial motion to amend his judgment, however, plaintiff did not request interest to be awarded pursuant to this statute. Plaintiff apparently was unaware of the existence of the federal postjudgment interest statute because he made no mention of it whatsoever and indeed requested postjudgment interest as available under Florida law.[2]

In *Weitz Company, Inc. v. Mo-Kan Carpet, Inc.*, 723 F.2d 1382 (8th Cir.1983), the Eighth Circuit considered the application of 28 U.S.C. § 1961 in its post-amendment form to a diversity action. The Eighth Circuit determined that the federal interest statute was applicable to the computation of postjudgment interest. *Id.* at 1386.[3] In a dissenting opinion, however, Judge Swygert, Senior Circuit Judge of the Seventh Circuit sitting by designation, emphasized that "Congress has only limited authority to dictate the law that applies in a federal court sitting in a diversity action." *Id.* at 1387. According to the *Erie* doctrine, "Congress has no power to declare substantive rules of common law applicable in a state...." *Erie Railroad v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). He found that it is doubtful whether the Constitution empowers Congress to proscribe the rate of interest due on judgments granted in diversity cases

when the claim is based solely on state law because "[j]udgment interest is an item of substantive damages." *Weitz, supra*, 723 F.2d at 1387, *citing* Restatement (Second) of Conflict of Laws § 171 comment C (1971). Judge Swygert determined that the federal interest statute does not apply in a diversity action in which the claim is based exclusively on state law in the absence of a specific provision for such diversity claims within the statute. *Id.* at 1388.

This Court finds that Judge Swygert's dissent is more persuasive than the majority opinion in *Weitz* on that issue. Federal courts sitting in diversity must apply the substantive law of the state in which they sit to assure that the outcome of federal court adjudication of diversity cases is substantially the same as the result that would have obtained in state court and to avoid forum shopping that would otherwise result. This Court cannot conceive that Congress, which has long been considering abolishing diversity jurisdiction altogether because of the ever-increasing federal caseload, would have adopted a federal interest statute applicable in diversity cases which would increase rather than decrease the number of federal cases without mentioning one word about its applicability to diversity cases in the legislative history. Certainly, Congress did not intend such a result.

Accordingly, this Court holds that 28 U.S.C. § 1961 as amended does not apply to actions in which jurisdiction is based on diversity of citizenship.[4] This case is a

---

**2.** For this reason alone, if for no other, this motion to alter or amend the judgment should be denied. Fed.R.Civ.P. 59(e) provides that a motion to alter or amend the judgment must be served no later than 10 days after the entry of judgment. Lazzara offers no excuse for his failure to request that post-judgment interest be calculated under the federal statute when he brought his first motion to alter or amend the judgment, and none exists because both the federal statute and the cases upon which he relies were published and in effect at the time. Thus, his current motion is untimely.

**3.** The court reasoned that under the *Erie* doctrine, *Erie Railroad v. Tompkins*, 304 U.S. 64, 58

S.Ct. 817, 82 L.Ed. 1188 (1938), the question of whether interest is substantive or procedural is an uncertain area which is "rationally capable of classification" as either. *See Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Consequently, the court determined that Congress has full power to legislate in this area, even with respect to cases in which jurisdiction rests on diversity of citizenship.

**4.** The Seventh Circuit has not yet considered the issue. Two cases, however, have been decided since *Merit, supra*. The first, *Smith v. Stoner*, 594 F.Supp. 1091 (N.D.Ind.1984), involved both a violation of the fourteenth amendment of the United States Constitution and a violation of 42

diversity action in which the claim rests exclusively on state law. Consequently, this Court finds that Ill.Rev.Stat. ch. 110, § 2-1303 controls the determination of postjudgment interest in the instant controversy.

### Conclusion

Thus, plaintiff's second motion to amend the judgment seeking postjudgment interest under 28 U.S.C. § 1961 is denied.

U.S.C. § 1983. Thus in *Stoner,* the claim did not rest on state law. Consequently, prejudgment and postjudgment interest on plaintiff's judgment was awarded pursuant to 28 U.S.C. § 1961. The other case relying on *Merit* was *Central Rivers Towing v. City of Beardstown,* 750 F.2d 565 (7th Cir.1984). The plaintiff in *Beardstown* brought suit claiming maritime negligence and statutory violations under the Rivers and Harbors Act, 33 U.S.C. § 403. The *Beardstown* court determined that in admiralty actions, the statutory rate of interest in the state in which the district court sits is only one factor to be considered in awarding interest and that reliance on that rate is now disfavored. *Id.* at 574.