**LOWELL STAATS MINING COMPANY, INC., a Colorado corporation, Plaintiff and Third Party Plaintiff,**

v.

**PIONEER URAVAN, INC., a Texas corporation, Defendant,**

and

**Pioneer Corporation and Pioneer Nuclear, Inc., Third Party Defendants.**

Civ. A. No. 82–K–2039.

United States District Court, D. Colorado.

Oct. 16, 1986.

Joseph Coleman, Coleman, Brown & Jouflas, William G. Waldeck, Dufford, Waldeck, Ruland & Milburn, Grand Junction, Colo., for plaintiff and third party plaintiff.

Gregory K. Hoskin and Theodore Allegra, Nelson, Hoskin, Groves & Prinster, Grand Junction, Colo., for defendant.

James Golden, Golden, Mumby Summers & Livingston, Grand Junction, Colo., for third party defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff Staats brought this action for breach of a mining contract. Following trial to a jury, a judgment of $629,512.00

was entered in favor of Staats. Pioneer Uravan's counterclaim was dismissed, as was Staats' third-party complaint. The judgment additionally provided plaintiff with costs, postjudgment interest at 7.03% per year, and prejudgment interest at 8% per year. On June 18, 1986, the judgment was amended to correct the time period during which prejudgment interest accrued.[1] The amended judgment was amended yet again, on June 20, 1986, so as to delete the award of prejudgment interest. Staats subsequently filed a motion under Fed.R.Civ.P. 60 to amend the second amended judgment by reinstating the award of prejudgment interest.

Staats has also filed a motion for a new trial on its claims against the third party defendants. This Fed.R.Civ.P. 59 motion is denied.

The parties agree I ordered, on the ninth day of trial, that the interest issue would be determined following receipt of the verdict. *See* Plaintiff's Motion to Amend the Second Amended Judgment, at ¶ 4(b); Pioneer Uravan's Response at ¶ 4. Staats now contends I should not have deleted the award of prejudgment interest because it "has a right to the 8% per annum interest from September 15, 1981 to June 16, 1986, pursuant to C.R.S. 5–12–102."[2] Plaintiff's Motion, at ¶ 5(a). However, in the same paragraph, Staats cites as authority *Davis Cattle Co., Inc. v. Great Western Sugar Company*, 544 F.2d 436 (10th Cir.1976), *cert. denied*, 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977). In *Davis Cattle*, the circuit court affirmed an award of moratory interest made by Judge Winner of this court. Plaintiff's motion fails to distinguish between statutory interest under § 5–12–102 and moratory interest.

1. The original judgment, docketed on June 16, 1986, allowed prejudgment interest to run from September 15, 1986 to the date of judgment. This obvious typographical error was changed in the amended judgment to reflect the proper date of September 15, 1981.

2. Pioneer Uravan argues that Staats has waived its right to raise this issue. I find no such

waiver. *See Prospero Associates v. Redactron Corporation*, 682 P.2d 1193, 1200 (Colo.App. 1983), *cert. denied*, May 7, 1984. Moreover, Staats' amended complaint seeks interest as part of its prayer for relief. This simple request is sufficient to preclude a waiver. *See Lestoque v. M.R. Mansfield Realty, Inc.*, 36 Colo.App. 32, 536 P.2d 1146, 1150 (1975).

When Judge Winner decided *Davis Cattle Co., Inc. v. Great Western Sugar Co.*, 393 F.Supp. 1165 (D.Colo.1975), C.R.S. § 5–12–102 read:

> Creditors shall be allowed to receive interest, when there is no agreement as to the rate thereof, at the rate of six percent per annum, for all moneys after they become due, on any bill, bond, promissory note, or other instrument of writing, or on any judgment recovered before any court or magistrate authorized to enter the same within this state, from the day of entering said judgment until satisfaction thereof be made; also on money due on mutual settlement of accounts from the date of such settlement, on money due on account from the date when the same became due, and on money received to the use of another and retained without the owners' consent, expressed or implied, from the receipt thereof; and on money taken or retained and fraudulently converted to the taker's use from the time of taking.

Judge Winner conducted an exhaustive survey of the cases decided under the statute and came "to the inescapable conclusion that in Colorado, statutory interest cannot be awarded under '73 C.R.S. 5–12–102 on an unliquidated claim." *Davis Cattle*, 393 F.Supp. at 1186. However, Judge Winner did find Colorado common law to recognize an additional kind of interest to statutory interest, namely "moratory interest or the allowance of interest as damages." *Id.*, at 1188.

The Colorado Supreme Court has recently affirmed Judge Winner's perception of the distinction between statutory and moratory interest. In *Acme Delivery Service v. Samsonite Corporation*, 663 P.2d 621 (Colo.1983), Acme received 715 pieces of luggage from Samsonite for transportation to the consignee, May D & F. Instead of delivering the luggage, however, Acme discarded it in a dump. Only 78 of the 715 pieces were salvaged. *Id.*, at 622. Samsonite understandably brought a breach of contract action against Acme.

On appeal, Acme argued, *inter alia*, that the trial court had "erred in awarding Samsonite interest from the date of loss, because there was no statutory authorization for such damages." *Id.*, at 625. The supreme court did not address the issue of statutory authorization. Instead, it took refuge in "moratory interest, or interest by way of damages." *Id.*, at 626. Samsonite was entitled to moratory interest because

> part of the loss suffered by Samsonite was the loss of the use of its money from the date of the loss until the date of judgment. Unless Samsonite is awarded interest as damages for this period, it could hardly be said that it was put in the same position it would have been in had the loss not occurred.

*Id.*, at 626.

In *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882 (Colo.1986), the supreme court again distinguished statutory interest from moratory interest. *I.M.A.* was a breach of contract action. The supreme court denied I.M.A.'s appeal for statutory interest under the 1975 version of C.R.S. § 5–12–102 because I.M.A.'s request for damages resulting from contractual repudiation or unjust enrichment did not bring the case within the provisions of the statute. *Id.*, at 893. The supreme court did note: "In some circumstances ... we have recognized a nonstatutory right to interest by way of damages, or moratory interest." *Id.*, at 893, n. 9. The court did not consider the issue of moratory interest, however, because I.M.A. had made no claim for it. *Id.*, at 893, n. 9.

Clearly, Staats' right, if any, to § 5–12–102 statutory interest is distinct from any entitlement it may have to common law moratory interest.[3] I must therefore come to grips with each type of interest.

### I. Moratory Interest

■ *Davis Cattle* is authoritative in deciding whether moratory interest should be

---

**3.** *But see Prospero Associates,* at 1200 (award of moratory interest to an unliquidated claim "was given statutory authority with the 1979 amendment to § 5–12–102").

awarded to Staats. In *Davis Cattle*, a certified class of sugar beet growers sued Great Western, a sugar refining company, on a breach of contract theory. By the express terms of the contract, Great Western was obligated to make initial payments by November 20 for beets the growers delivered before November 5. These payments were to be made "at the highest rate per ton that the Company may deem to be justified taking into consideration anticipated returns from the sale of sugar and the sugar content of beets." *Id.*, at 1168–1169.

Judge Winner held Great Western to be in breach of this commitment because "in deciding upon the amount of initial payment the Company would and did make," it "did not fairly take into consideration anticipated returns from the sale of sugar." *Id.*, at 1175. Great Western had violated the express terms of the contract because it did not pay the growers the money they were owed as of November 20. The growers were entitled to interest on this sum not as a statutory right, but by way of damages as moratory interest. *Id.*, at 1193. .

Staats is not entitled to moratory interest under *Davis Cattle*. Staats' action was for breach of a contract to mine ore. Staats' claims "allege various breaches by Pioneer through its failure to perform or its inadequate performance of its obligations under the contract." *Lowell Staats Mining Co. v. Pioneer Uravan, Inc.*, 596 F.Supp. 1428, 1429 (D.Colo.1984). Nothing in these claims entitles Staats to interest as part of the damages collected. *"Davis Cattle* had to do with a defendant using money equitably owned by the plaintiffs." *EEOC v. Trailways, Inc.*, 530 F.Supp. 54, 28 FEP Cases 553 (D.Colo.1981) (Winner, J.). That issue is simply not present in this case.[4]

Therefore an award of moratory interest is inappropriate.

Stated more generally, moratory interest is warranted as part of a contractual damage award only where the aggrieved party would not be made whole in the absence of such interest. *Acme Delivery*, at 626; *Hein Enterprises, Ltd. v. San Francisco Real Estate Investors*, 720 P.2d 975, 982 (Colo.App.1986) (trial court erred in awarding moratory interest where consequential damages made injured party whole).

In this case, there is no question that the jury verdict, plus the postjudgment interest, has already fully compensated Staats for its expectation damages. The jury was instructed to grant Staats either its lost net profits or its out of pocket losses if it found Pioneer Uravan to have committed a breach. Staats alleged out of pocket expenses of approximately $250,000.00. Staats' lost net profits ranged from $326,103.00 to $1,282,515.00, depending on the jury's finding of the length of delay caused by Pioneer Uravan. Jury Instruction No. 4. Since the verdict was for $629,512.00, Staats was compensated for its expectation damages. Therefore Staats has been "put in the same position it would have been in had the loss not occurred." *Acme Delivery*, at 626. Staats is not entitled to further damages in the form of moratory interest.

Finally, the "[a]llowance of moratory interest is a matter committed to the sound discretion of a court in consideration of the equities of a case." *E.B. Jones Construction Company v. City and County of Denver*, 717 P.2d 1009, 1015 (Colo.App. 1986). The jury verdict in this case was substantial. Further, it fell well within the instructed range of expectation damages. The equities do not call for further damages.

---

**4.** *See also Robb v. Universal Constructors, Inc.*, 665 F.2d 998 (10th Cir.1981). Universal rented a construction vehicle from Robb. The vehicle was wrecked by a Universal employee. In October 1977, the parties agreed on a $17,500 settlement. Universal, however, did not pay Robb this money until April 1978. Robb brought suit "to recover for losses suffered as a result of ...

not receiving the money in a timely fashion." *Id.*, at 999. The circuit court awarded Robb moratory interest as damages for "a wrongful withholding of the principal amount without justification for a period from October, 1977 through most of April, 1978." *Id.*, at 1003. This type of issue is not presented in the case at bar.

## II. Statutory Interest

Having decided Staats is not entitled to moratory interest, I must next address Staats' rights under § 5–12–102. In 1979, several years after Judge Winner decided *Davis Cattle,* the statute was revamped by the General Assembly. As amended, § 5–12–102 now states, in pertinent part:

(1) Except as provided in section 13–12–101, C.R.S., when there is no agreement as to the rate thereof, creditors shall receive interest as follows:

(a) When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; or, at the election of the claimant,

(b) Interest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs.

\*       \*       \*       \*       \*       \*

(3) Interest shall be allowed as provided in subsection (1) of this section even if the amount is unliquidated at the time of wrongful withholding or at the time when due.

■ I must be familiar with this statute because "in diversity actions the federal court looks to state law in order to determine the allowability of interest on a recovery." *Casto v. Arkansas-Louisiana Gas Co.,* 562 F.2d 622, 625 (10th Cir.1977).[5] However, the mere availability of the statute does not render it automatically appli-

cable in every diversity case. A particular party must, of course, also meet the requisite statutory criteria before the statute can be invoked.

The Colorado Supreme Court has not yet had occasion to construe the amended version of § 5–12–102.[6] However, Division I of the Colorado Court of Appeals has done so on several occasions. In *Isbill Associates, Inc. v. City and County of Denver,* 666 P.2d 1117 (Colo.App.1983), Isbill Associates recovered a $64,318.32 judgment against Denver, Isbill's lessor, for water damage to technical drawings stored in the leased area. The trial court entered an award of prejudgment interest accruing from the week of the flooding. One of Denver's arguments on appeal was that the trial court had erred·in making this award.

After quoting the same provisions of the statute as I have done, the court observed: "A strict reading of this statute might lead to the conclusion that prejudgment interest may not be awarded in a property damage case because the statute specifies that unliquidated claims qualify for prejudgment interest only when 'money or property has been wrongfully withheld.'" *Id.,* at 1121. However, "[a] review of the legislative history of § 5–12–102 makes it clear that a strict reading of this section is inappropriate." *Id.,* at 1121. This legislative history "clearly indicates that all cases are to be treated equally regarding the time interest begins to accrue." *Id.,* at 1122. The court of appeals therefore affirmed the trial court's prejudgment interest award.

Although the specific holding of *Isbill* only addressed the wrongful withholding of property under § 5–12–102, Division I of the court of appeals has similarly construed the statute where the wrongful withholding of money was at issue. For

---

**5.** However, state law on the recovery of interest is displaced at the postjudgment phase by 28 U.S.C. § 1961, as amended effective October 1, 1982. *See Weitz Co., Inc. v. Mo-Kan Carpet, Inc.,* 723 F.2d 1382, 1385–1386 (8th Cir.1983) (in a diversity contract dispute, postjudgment interest is controlled by 28 U.S.C. § 1961, but prejudgment interest is determined under state law). I am aware that at least one court has disagreed with *Weitz* and instead found § 1961 to be inap-

plicable in diversity cases. *Lazzara v. Esser,* 622 F.Supp. 48 (N.D.Ill.1985). I will follow *Weitz,* as has the Eleventh Circuit in *G.M. Brod & Co., Inc. v. U.S. Home Corporation,* 759 F.2d 1526, 1542 (11th Cir.1985).

**6.** *See I.M.A. v. Rocky Mountain Airways,* at 893; *Acme Delivery,* at 625 n. 5.

example, an award of prejudgment interest entered in an action for breach of a home remodelling contract was affirmed in *La-Fond v. Basham*, 683 P.2d 367, 370 (Colo. App.1984). The *LaFond* court cited *Isbill* for the proposition that § 5–12–102 "allows a plaintiff interest from the time the action accrues." *LaFond*, at 370.

The same issue arose in *Hott v. Tillotson-Lewis Construction Co.*, 682 P.2d 1220 (Colo.App.1983). *Hott* was an action for breach of a construction contract to build a house. The trial court awarded damages equal to the cost of completion, but failed to award any prejudgment interest. On appeal, plaintiffs contended, *inter alia*, that prejudgment interest should have been awarded. The court agreed:

Section 5–12–102(1)(a), ... allows interest to be awarded for money or property wrongfully withheld. We conclude, for the reasons stated in *Isbill Associates, Inc. v. City and County of Denver* ... that prejudgment interest may be awarded in a breach of construction contract case, even if the amount is unliquidated at the time of the wrongful withholding.... Therefore, the court erred in failing to award prejudgment interest from the date of completion of the house to the date of judgment or payment, whichever is first.

*Id.*, at 1222–1223.

I agree with the outcome in *Isbill, La-Fond*, and *Hott* insofar as those cases permit statutory interest to accrue on unliquidated sums. The unambiguous language of § 5–12–102(3) plainly addresses that situation. I also do not dispute those cases to the extent they allow statutory interest to begin to accrue from the date of the loss rather than from the date judgment is entered. Again, the clear language of the statute so provides. C.R.S. § 5–12–102(1)(a). Finally, I have no occasion to consider the court of appeal's Division I decision in *Benham v. Manufacturers and Wholesalers Indemnity Exchange*, 685 P.2d 249, 254 (Colo.App.1984) (the statutory term "wrongful" in § 5–12–102 does not require tortious conduct).

All of these points, however, presume applicability of the statute. Assuming § 5–12–102 to be applicable, *Isbill, La-Fond*, and *Hott* pose no problems. I cannot, however, agree with the loose construction which those cases have bestowed on the statute. Specifically, I take issue with applying the statutory phrase "money or property ... withheld" to all garden-variety breach of contract cases. Such an interpretation strays too far from the plain, ordinary meaning of the statutory language. I disagree with *Isbill* and its progeny to the extent they have expanded § 5–12–102 to a point where *all* contract actions become actions for "money ... withheld."

My conclusion is buttressed by Judge Winner's opinion in *EEOC v. Trailways*. There, the EEOC sought prejudgment interest on a back-pay award to an unlawfully discharged Trailways employee. Judge Winner did not grant the request. He wrote:

In my judgment, this case doesn't meet the requirements of *Davis Cattle*, nor does the law require the award of prejudgment interest.... To extend to a wrongful discharge case the concept of awarding interest for money wrongfully withheld would mean that every time anyone won a suit for breach of contract, monetary interest would have to be awarded.

\* \* \* \* \* \*

Having spent the time I did in studying prejudgment interest before writing *Davis Cattle*, I am unable to conclude that prejudgment interest should be awarded on the unliquidated amount here involved, and I say this with a full awareness of the amendment to the Colorado interest statute (see, C.R.S.1973, 5–12–102, as amended).

*Id.*, 28 FEP Cases at 553–554.

I find Judge Winner's opinion in *EEOC* to be dispositive of Staats' assertion to interest under C.R.S. § 5–12–102, as amended. Were I to award statutory prejudgment interest to Staats under the facts

and circumstances of this case, I would be stretching the language of the interest statute well beyond the confines of its reasonable meaning. If the General Assembly wishes to allow statutory prejudgment interest to attach to every damage award in a breach of contract case, then it is certainly capable of saying so in a more explicit fashion than the wording of § 5–12–102 currently indicates.

Finally, I agree with Pioneer Uravan's statement that the proper question before me is not "whether the jury verdict should be impeached at this stage, but whether Staats' Motion to Amend the Second Amended Judgment should be granted due to an error by the court." Pioneer Uravan's Response, at ¶ 3. I therefore do not consider the jury impeachment issue raised by Staats' Supplemental Memorandum.[7]

IT IS ORDERED:

(1) Staats' Motion to Amend the Second Amended Judgment is denied.

(2) Staats' Rule 59 motion is denied.

---

**7.** My decision has been made strictly on the independent legal merits of the proper uses of moratory and statutory interest.