John M. SHANNON, Plaintiff–Appellee,

v.

## COLORADO SCHOOL OF MINES, Defendant–Appellant.

No. 91CA1749.

Colorado Court of Appeals, Div. II.

Nov. 19, 1992.

Rehearing Denied Jan. 28, 1993.

Robinson & Sells, P.C., V. James Robinson, Evergreen, for plaintiff-appellee.

Hall & Evans, Daniel R. Satriana, Jr., Marlene T. Gresh, Denver, for defendant-appellant.

Opinion by Judge REED.

In this breach of contract action, defendant, Colorado School of Mines, appeals from the trial court's award of prejudgment interest to plaintiff, John M. Shannon. We affirm in part, reverse in part, and remand with instructions.

In 1977 and thereafter, plaintiff was employed as an Assistant Professor of Geology, Band Director, and Geology Museum Director for defendant. In 1985, for reasons not pertinent here, defendant terminated plaintiff from the faculty and administrative positions. Plaintiff, claiming that defendant had breached his contract because it did not have cause for his termination, brought suit to recover damages for his alleged loss of past, present, and future income and related employment benefits.

At trial, in October 1989, plaintiff submitted to the jury two sets of wage loss calculations computed by his economic expert. One set of computations did not add interest on amounts claimed to be due as of the time of trial and did not reduce projected future wages to their present worth. Under these computations, plaintiff's loss of back wages through June 1989 amounted to $141,399.

The other set of computations added interest on past due amounts and discounted future loss of wages to their present worth. Under this second set of computations, which used an 8% interest rate, plaintiff's loss of back pay with interest as of trial amounted to $161,351. This amount, plus the loss of future wages through the year 2000, as discounted to present worth, amounted to a total of $356,643.

The jury found in favor of plaintiff and awarded him damages of $400,000. The

jury did not specify what amounts of this sum were allocated to past and to future damages, nor was there any form of verdict or special interrogatory tendered or submitted to it in that regard. Pursuant to the jury verdict, the trial court entered judgment for that amount, plus interest and costs, without designating the amount of the interest owed by defendant.

Upon appeal by defendant, a panel of this court affirmed that judgment in *Shannon v. Colorado School of Mines*, (Colo. App. No. 90CA0033, January 24, 1991) (not selected for official publication).

Upon remand, according to defendant, it paid plaintiff approximately $470,000 for its claimed satisfaction of the judgment, costs, and post-judgment interest.

Thereafter, plaintiff filed a motion for clarification, arguing that under § 5–12–102, C.R.S. (1992 Repl.Vol. 2), he was also entitled to *prejudgment* interest from defendant. After hearing, the court granted plaintiff's motion and determined that he was entitled to prejudgment interest on the entire amount of damages awarded.

## I.

Defendant first contends that the trial court erred in awarding any prejudgment interest. It argues that the jury had included interest in its computation of loss of wages and that, therefore, the trial court's award of prejudgment interest constituted impermissible "interest on interest." In support of its argument, defendant urges that the only testimony concerning damages was that offered by plaintiff's expert who added 8% interest when calculating plaintiff's loss of wages as of the time of trial. We are not persuaded.

## A.

Here, the court gave the following instruction to the jury:

> You have heard evidence in this case from a witness who has testified as an expert. The law allows an expert to express opinions on subjects involving his special knowledge, training and skill, experience or research. The jury shall determine what weight, if any, should be given his testimony as with any other witness.

Further, it instructed the jury:

> To the extent that actual damages have been so proved by the evidence, you shall award such actual damages:
>
> The amount of earnings and benefits the plaintiff would have received under the terms of the contract during the full term of the contract, less (a) any amount he earned and (b) any amount he could have reasonably earned in the same or a similar occupation.

Thus, the court instructed the jury that it was not bound by the expert's calculations. Accordingly, we cannot presume that in its award, the jury accepted the expert's computation of back pay with interest. Rather, we must assume that the jury followed the court's instructions and awarded to plaintiff only that amount he was entitled to receive under his contract with defendant. *See Elk River Associates v. Huskin*, 691 P.2d 1148 (Colo.App.1984) (jury presumed to have followed instructions).

Moreover, an exhibit prepared by the expert also provided to the jury back pay calculations *without* interest. As a result, we are unable to conclude that the award of the jury necessarily included interest.

## B.

Additionally, we note that the award of $400,000 is not so "large" as to compel the conclusion that the jury included within its verdict prejudgment interest. *See Williamson v. Handy Button Machine Co.*, 817 F.2d 1290 (7th Cir.1987) (award of prejudgment interest inappropriate if size of jury award too "large").

Here, plaintiff's expert testified that his calculations of lost income, past and future, did not include any future raises in salary. Moreover, the expert testified that his calculations ran only through the year 2000, years short of plaintiff's mandatory retirement age.

It is not unreasonable, therefore, for the jury to have included future raises into its

award and to have included therein the time from the year 2000 until plaintiff's mandatory retirement date. Accordingly, the jury could have included these additional amounts in awarding the sum of $400,000. Under these circumstances, we again cannot conclude that the jury added prejudgment interest into its award.

## II.

■ Alternatively, defendant argues that, if prejudgment interest is allowed, it should not be applied to the loss of future income and benefits. Specifically, it urges that since the future lost earnings were not "due," as contemplated by § 5–12–102, C.R.S. (1992 Repl.Vol. 2), prejudgment interest should not have been calculated upon that amount. We agree with this contention.

### A.

Section § 5–12–102 provides, in pertinent part:

When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of the wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs....

Interest shall be at the rate of eight percent per annum compounded annually ... *after they are wrongfully withheld or after they become due* to the date of payment or to the date judgment is entered, whichever first occurs. (emphasis added)

The purpose of § 5–12–102 is to recognize the time value of money. This statute "represents a legislative determination that persons suffer a loss when they are deprived of [money or] property to which they are legally entitled." *See Mesa Sand & Gravel Co. v. Landfill, Inc.,* 776 P.2d 362, 364 (Colo.1989).

■ The plain language of this statute indicates, however, that prejudgment interest is allowed only on past losses. Section 5–12–102 specifically awards interest on money which is due and owing prior to the date of payment or prior to the date judgment is entered. *See Riva Ridge Apartments v. Robert G. Fisher Co.,* 745 P.2d 1034 (Colo.App.1987) (Until payment for services is "expected or demanded," payment is not due and nonpayment is not a wrongful withholding.); *see also W.H. Woolley & Co. v. Bear Creek Manors,* 735 P.2d 910 (Colo.App.1986).

Thus, under § 5–12–102, interest may not be awarded on lost *future* wages and benefits because they are not due and owing prior to the entry of judgment. Simply put, since future wages are not due, there is no delay in the receipt of the money, and therefore, a plaintiff does not experience a loss on such earnings.

Accordingly, under § 5–12–102, plaintiff is entitled to prejudgment interest only on the loss of income accrued as of the date of trial. As a result, the trial court erred in awarding plaintiff prejudgment interest on the total award because it included loss of future income and employment benefits.

### B.

■ Here, however, the trial court gave to the jury a verdict form that lumped together past and future income and employment benefits. And, the jury awarded $400,000 without distinguishing between those damages. Thus, we are unable to determine from that jury award what amount of damages was allocated to back wages.

In *Williamson v. Handy Button Machine Co., supra,* the Seventh Circuit Court of Appeals was also confronted with determining what amount of a general jury award constituted back wages. The court resolved the problem by developing four formulas to use in ascertaining that amount. First, the court stated that prejudgment interest may be denied on the ground that plaintiff made the "amount of back pay not readily determinable." *Williamson v. Handy Button Machine Co., supra,* 817 F.2d at 1298; *see also Domingo v. New England Fish Co.,* 727 F.2d 1429 (9th Cir.1984); *Daniels v. Pipefitters'*

*Ass'n Local Union No. 597,* 945 F.2d 906 (7th Cir.1991).

A second method proposed by the court in *Williamson* is to treat the amount of back pay plaintiff computed as the amount the jury awarded. The remainder would be considered future loss.

Yet, another method developed by the *Williamson* court is to subtract the amount plaintiff claimed for total future loss from the total award. The remainder would constitute back pay wages.

A fourth method proposed by the court is to divide the amount of back pay without interest plaintiff computed by the total cumulative loss he calculated. This produces a percentage as the portion of the claim representing back pay which is applied to the jury award.

Of the previous stated methods, the court in *Williamson* found that, generally, the last method was the most accurate. *See also Gillespie v. First Interstate Bank,* 717 F.Supp. 649 (E.D.Wis.1989). The court stated, however, that none of the methods of calculating back pay was "wrong." Consequently, on remand the court in *Williamson* concluded that it was within the trial court's discretion to determine the most equitable formula to use. *See also Metlyn Realty Corp. v. Esmark, Inc.,* 763 F.2d 826 (7th Cir.1985).

Unlike this case, however, the court in *Williamson* did not have the benefit of an expert's computations of back pay and future wage loss. Because the trial court was provided with those calculations, we are therefore able to determine the most equitable formula to use here. Thus, we conclude that the most accurate and reasonable indication of plaintiff's pre-trial wage loss is the amount of back pay plaintiff's expert computed without interest through June 1989 ($141,399). Accordingly, prejudgment interest is to be awarded only upon that amount.

### III.

Further, plaintiff argues that *Hott v. Tillotson–Lewis Construction Co.,* 682 P.2d 1220 (Colo.App.1983) and *Isbill Associates,* *Inc. v. City & County of Denver,* 666 P.2d 1117 (Colo.App.1983) support the trial court's award of prejudgment interest on the entire judgment. We disagree.

In both *Hott* and *Isbill,* the plaintiffs were entitled to damages for breach of contract prior to entry of judgment, but the amount of damages were unliquidated. In *Hott,* a panel of this court determined that prejudgment interest may be awarded in breach of construction contract cases, even when the amount of damages is unliquidated at the time of the wrongful withholding. *See* § 5–12–102(3), C.R.S. (1992 Cum. Supp.). Further, in *Isbill,* a separate panel of this court concluded that prejudgment interest is allowable in property damage cases, even if the amount of damages is unliquidated.

Here, on the other hand, future wages were not due and owing to plaintiff prior to judgment. Therefore, under § 5–12–102, prejudgment interest is disallowed on those losses.

Accordingly, *Hott* and *Isbill* are distinguishable and, therefore, do not require an award of prejudgment interest on future wages and employment benefits under § 5–12–102.

### IV.

Further, contrary to plaintiff's contention, § 13–21–101(1), C.R.S. (1987 Repl.Vol. 6A) does not lend support to the trial court's decision to award prejudgment interest on the entire amount of the judgment.

That statute provides:

In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person ... interest on the damages [may be] claimed from the date the action accrued.

■ The plain language of this statute indicates that it does not apply to damages resulting from a breach of contract. Rather, this statute applies to actions sounding in tort. *Mesa Sand & Gravel Co. v. Landfill, Inc., supra.*

Moreover, the plain language of § 13–21–101 is distinct from that of § 5–12–102. For instance, under § 13–21–101, interest commences from "the date the action accrued." In contrast, § 5–12–102 states that interest may be awarded on money after it is "due" or after it has been "wrongfully withheld." Thus, § 13–21–101 does not distinguish between past and future damage awards, unlike § 5–12–102. *See Mumford v. Hughes,* —— P.2d —— (Colo.App. No. 91CA1406, Sept. 10, 1992).

The judgment is affirmed in all respects, except as to the award of prejudgment interest on the full amount of the judgment. That portion of the judgment is reversed, and the cause is remanded with instructions to the trial court that it enter an award of prejudgment interest on the sum of $141,399 only.

PIERCE and RULAND, JJ., concur.