116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GALAXIE BOAT CENTER, INC., Plaintiff-Appellant,
v.
ITT COMMERCIAL FINANCE CORP., Defendant-Appellee.
 No. 96-55175.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997.
June 19, 1997.
As Amended Sept. 10, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-93-02353-TJH; Terry J. Hatter, District Judge, Presiding.
 Before BROWNING and SCHROEDER, Circuit Judges, and RESTANI, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Galaxie Boat Center, Inc. ("Galaxie") appeals from a judgment order vacating an arbitration award and dismissing the case with prejudice. The arbitrator found in favor of Galaxie against ITT Commercial Finance Corp. (ITT). The judgment order is reversed.
 
 
 3
 A district court's decision confirming or vacating an award is reviewed under the usual standard, "accepting findings of fact that are not 'clearly erroneous' but deciding questions of law de novo." First Options of Chicago, Inc. v. Kaplan, 115 S.Ct. 1920, 1926 (1995); Employers Ins. of Wausau v. National Union Fire Ins. Co. of Pittsburgh, 933 F.2d 1481, 1485 (9th Cir.1991). Under the Federal Arbitration Act ("FAA"), a district court may not vacate an arbitral award unless it finds: (1) corruption or fraud; (2) partiality; (3) misconduct prejudicing a party; or (4) arbitration that exceeded or imperfectly executed its authority. Federal Arbitration Act, 9 U.S.C. § 10 (1994); Employers Ins. of Wausau, 933 F.2d at 1486. If it does not violate the FAA, the award will not be set aside unless it is " 'completely irrational,' or constitutes a 'manifest disregard of the law." ' Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir.1991) (quoting French v. Merrill Lynch, 784 F.2d 902, 906 (9th Cir.1986)). ITT argues that the arbitrator exceeded his authority by issuing an award in an action that was time barred and thus not arbitrable, and that the arbitration award was improper because its findings were erroneous and incomplete.[1]
 
 
 4
 * Either the district court or the arbitrator may decide the question of arbitrability. First Options, 115 S.Ct. at 1923-24. While usually it is a court that decides, parties may agree to submit the question to the arbitrator. George Day Constr. Co., Inc. v. United Bhd. of Carpenters & Joiners, Local 351, 722 F.2d 1471, 1474-75 (9th Cir.1984). If they do, subsequent judicial review is narrowly circumscribed. An award that is within the terms of the submission will not be set aside for erroneous findings of fact or conclusions of law. Todd Shipyards, 943 F.2d at 1060.
 
 
 5
 Although the arbitration award does not explicitly address the issue, the fact that the arbitrator made an award indicates that he found the dispute was arbitrable. An arbitrator need not make an express finding on every procedural matter that bears on the award. McKesson Corp. v. Local 150 IBT, 969 F.2d 831, 834 (9th Cir.1992) (arbitrator empowered to decide issue of whether arbitration proceeding had exceeded time limit for completion). Courts will presume that an arbitrator's decision to issue an award carries with it whatever procedural ruling was necessary to permit its issuance. Id. The question then becomes whether such a ruling represents a "plausible interpretation" of the parties' agreement to arbitrate. Id.
 
 
 6
 A party that agrees to submit the question of arbitrability to an arbitrator waives any right to object to that arbitrator's authority later. Nghiem v. NEC Electronic, Inc., 25 F.3d 1437, 1440 (9th Cir.1994); George Day Constr. Co., 722 F.2d at 1475. Courts should not assume that parties agreed to do so without "clear and unmistakable evidence" of such an agreement. First Options, 115 S.Ct. at 1924. That evidence may include the parties' conduct during arbitration. Van Waters & Rogers Inc. v. International Bhd. of Teamsters Local Union 70, 913 F.2d 736, 740 (9th Cir.1990); George Day Constr. Co., 722 F.2d at 1475. While "merely arguing the arbitrability issue to an arbitrator does not indicate a clear willingness ... to be effectively bound by the arbitrator's decision on that point[,]" First Options, 115 S.Ct. at 1925, a party is bound if it argues the issue during arbitration without also expressly reserving the question for later judicial review, George Day Constr. Co., 722 F.2d at 1475. To preserve the arbitrability question, a party must either "(1) 'object[ ] to the arbitrator's authority, refuse[ ] to argue the arbitrability issue before him, and proceed[ ] to the merits of the grievance;' or (2) 'make[ ] an objection as to jurisdiction and an express reservation of the question on the record." ' Van Waters & Rogers Inc., 913 F.2d at 740 (alteration in original) (quoting George Day Constr. Co., 722 F.2d at 1475). The party may also request a court to enjoin the arbitration altogether. First Options, 115 S.Ct. at 1925.
 
 
 7
 Excerpts of the record submitted to the district court by ITT illustrate that during arbitration the parties briefed and argued the question of whether the arbitration was time barred. They accepted the arbitrator's decision to proceed to the merits of the dispute, and participated fully in the arbitration proceedings. Nothing in the record indicates that either party expressly reserved the question of arbitrability for later judicial review.
 
 
 8
 As ITT failed to reserve the question of arbitrability for judicial review, it waived any right to raise the issue before the district court after receiving an adverse ruling from the arbitrator. The arbitrator's ruling was within the terms of the parties' submission, and was entitled to deference. See George Day Constr. Co., 722 F.2d at 1474, 1476-77 ("[w]here the question of arbitrability is decided by the arbitrator, [the court is] not at liberty to substitute [its] own view."). It would have been improper, therefore, for the district court to revisit the issue of whether the arbitration was time barred.
 
 II
 
 9
 It would also have been improper for the district court to find the award completely irrational or in manifest disregard of the law. The written award clearly explained the basis for the arbitrator's decision. ITT claims that some of these findings were erroneous. Even if this is true, the claimed errors are findings of fact to which the court must defer. Todd Shipyards, 943 F.2d at 1060; Coast Trading, 681 F.2d at 1198. The court must enforce any award that represents a "plausible interpretation of the contract." McKesson Corp., 969 F.2d at 834.
 
 III
 
 10
 Parties are entitled to postjudgment interest on any money judgment in a civil case. 28 U.S.C. § 1961. This raises two issues: (1) whether the reinstatement of an arbitral award constitutes a money judgment and (2) if so, whether the postjudgment interest runs from the entry of the original judgment, even though that judgment vacated the arbitration award. The court answers both questions in the affirmative.
 
 
 11
 The court is guided by Northrop Corporation v. Triad International Marketing S.A., 842 F.2d 1154 (9th Cir.1988). In Northrop Corp., the district court vacated the arbitration award and the court of appeals reinstated the award. Id. at 1155. In an opinion amending the mandate, the court implicitly determined that the prevailing party on appeal was entitled to postjudgment interest and explicitly determined that the interest should run from the date of the district court's order vacating the arbitration award. Id. at 1157. The court reasoned that
 
 
 12
 the failure to allow postjudgment interest from the entry of the original judgment would penalize parties for choosing arbitration rather than jury trial, contrary to the "national policy favoring aribrtation" as an alternative to jury trials.
 
 
 13
 Id. at 1157 (citing Southland Corp. v. Keating, 465 U.S. 1, 10 (1984)). Accord, Merit Ins. Co. v. Leathersby Ins. Co., 728 F.2d 943 (7th Cir.1984).
 
 
 14
 Following our decision in Northrop Corp., we hold that the effective date of judgment for the purpose of calculating interest is the date of the district court's order vacating the arbitration award.
 
 Conclusion
 
 15
 As there were no proper grounds for vacating the arbitration award, the district court's order granting defendant-appellee's motion to vacate and denying plaintiff-appellant's petition to confirm the arbitration award is reversed. In accord with the terms of the parties' arbitration agreement, defendant-appellee is ordered to pay plaintiff-appellant's costs of appeal.
 
 
 16
 REVERSED.
 
 
 
 **
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3
 
 
 [1]
 ITT also filed a motion to strike Galaxie's reply brief. As the court's opinion does not rest on any factual issue raised in the reply, it is not necessary to address that motion